BECTON DICKINSON AND COMPANY, a corporation, Plaintiff and Respondent,

v.

Max G. REESE, Defendant and Appellant.

No. 18418.

Supreme Court of Utah.

Aug. 9, 1983.

Richard F. Bojanowski, Salt Lake City, for defendant and appellant.

LeGrand R. Curtis, Jr., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Plaintiff Becton Dickinson and Company filed a complaint alleging wrongful conversion of documents and breach of contract against defendant Max G. Reese, a former employee of plaintiff's. Reese counterclaimed, alleging wrongful conversion of a discovery by him that was thereafter patented by another and subsequently assigned to plaintiff's predecessor, Auto Assay. Defendant also claimed that ownership of the patent should be in the defendant.

The district court granted summary judgment for the plaintiff on the ground that the claim was barred by Utah's three-year statute of limitations governing actions for taking, detaining or injuring personal property. U.C.A., 1953, § 78–12–26(2). We affirm.

In September of 1971, while employed as a technician doing biochemical research at the University of Utah, Max Reese discovered a new method for regenerating an immunoadsorbent by using an alcohol elutent.[1] He reported the discovery to his supervisor, Lowell Johnson. Johnson later advised defendant to keep the discovery secret from the other employees of the laboratory. In 1972, a private corporation, Auto Assay, was formed for the purpose of commercializing an instrument incorporating the discovery. Johnson was a principal in the company, and Reese, an employee.

On July 22, 1975, a patent for the discovery, No. 3,896,217, was issued to Johnson. Defendant claims that although he knew a patent had issued, he neither saw the patent nor knew that Johnson was named as the sole inventor until the late summer of 1977. However, on March 14, 1977, defendant filed a patent application for himself requesting a patent for "[a]n improvement of the above described prior procedure [as] set forth in U.S. Pat. No. 3,896,217 of July 22, 1975 ...," which he acknowledges he read and understood.

On July 9, 1976, plaintiff purchased all of the assets of Auto Assay, including Patent No. 3,896,217, under the assumption that it was getting good and marketable title, clear of any rights of others. Defendant did not raise the question of his claim to Patent No. 3,896,217 until May 7, 1979, when he resigned from the employ of plaintiff. Defendant filed this counterclaim on May 20, 1980.

Patents and rights in patents are incorporeal personal property and have the attributes of personal property.[2] That property is subject, just as is any other property, to the control states may impose in the legitimate exercise of their powers over their purely domestic affairs.[3]

In *Iron Ore Co. of Canada v. Dow Chemical Co.*,[4] it was held that in a tort action for misappropriation of an idea embodied in a patent and misappropriation of the patent, both actions for taking and/or detaining personal property, the Utah statute of limitations governed.[5] Accordingly, defendant's action, which is also based on taking or detaining personal property, is also governed by U.C.A., 1953, § 78–12–26(2).

---

1. For purposes of the summary judgment proceeding, plaintiff did not dispute the facts alleged by the defendant.

2. 35 U.S.C. § 261, as amended Jan. 2, 1975, Pub.L. 93–596 § 1, 88 Stat. 1949; August 27, 1982, Pub.L. 97–247 § 14(b), 96 Stat. 321. *See also Patterson v. Kentucky*, 97 U.S. 501, 24 L.Ed. 1115 (1878); *Iron Ore Co. of Canada v. Dow Chemical Co.*, 177 U.S.P.Q. 34 (D.Utah

1972); *Hewett v. Samsonite Corp.*, 32 Colo. App. 150, 507 P.2d 1119 (1973).

3. *Patterson, supra* note 2. *See also Farmland Irrigation Co. v. Dopplmaier*, 48 Cal.2d 208, 308 P.2d 732 (1957).

4. *Supra* note 2.

5. *Iron Ore, supra* note 2, at 61.

The policy heretofore adopted by this Court is that statutes of limitations "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."[6] To further that policy, the general rule has been that a cause of action accrues upon the happening of the last event necessary to complete the cause of action.[7] Under that general rule, "mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations."[8]

There are several exceptions to this general rule in Utah. In some areas of the law, the discovery rule is incorporated into the statute whereby the statute does not begin to run until the facts forming the basis for the cause of action are discovered.[9] In other circumstances, concealment or misleading by a party prevents that party from relying on the statute of limitations.[10] Finally, where there are exceptional circumstances that would make application of the general rule irrational or unjust, this Court has adopted the discovery rule by judicial action.[11]

In *Myers v. McDonald,* a wrongful death action, exceptional circumstances were found since plaintiffs did not know of the death of their ward until after expiration of the statute of limitations. However, in that case the Court cautioned that plaintiffs would have to prove that they exercised due diligence in discovering the death or their action would be barred by the statute of limitations.[12]

None of those exceptions is applicable to the instant case. U.C.A., 1953, § 78–12–26(2) bars any action after three years after the cause of action has accrued. It has no provision delaying accrual of the cause of action for lack of knowledge except for claims involving livestock. Nor is this case premised on concealment of necessary facts or misleading of the defendant *by the plaintiff*.[13] Finally, there are no exceptional circumstances here as to warrant judicial imposition of the discovery rule.

The patent here in question was issued on July 22, 1975, almost five years before defendant filed his claim, and defendant admits he knew the patent had issued. In any event, due diligence on his part would have unearthed the inventor and his assignee as shown on the face of the patent. Finally, on March 14, 1977, at least four months before the expiration of the limitation period, defendant himself filed a patent application that specifically incorporated and improved upon Patent No. 3,896,-217. Defendant cannot now be heard to say that he had no notice or knowledge of the patent and its contents which would arrest the running of the statute.

Defendant also claims that each use of the patent by the plaintiff constitutes a continuing tort which would begin the limitation period anew at each use. This contention has no merit. A continuing tort

6. *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944); *Myers v. McDonald,* Utah, 635 P.2d 84 (1981).

7. *Myers, supra* note 6, at 86.

8. *Id.*

9. U.C.A., 1953, § 78–12–19 (recovery of any estate sold by an executor or administrator); § 78–12–26(1) (waste or trespass by underground works on a mining claim); § 78–12–26(2) (loss of branded livestock); § 78–12–26(3) (fraud); § 78–12–27 (actions against corporate stockholders or directors).

10. *E.g., Vincent v. Salt Lake County,* Utah, 583 P.2d 105 (1978); *Rice v. Granite School District,* 23 Utah 2d 22, 456 P.2d 159 (1969).

11. *Myers, supra* note 6. *See also Praznik v. Sport Aero, Inc.,* 42 Ill.App.3d 330, 355 N.E.2d 686 (1976).

12. *Myers, supra* note 6, at 87.

13. Defendant makes no allegations that Becton Dickinson either concealed the details of the patent from him or misled him in any way. Defendant acknowledges that he never raised his claim of ownership to plaintiff until defendant's termination. Therefore, defendant's theory of equitable estoppel has no merit.

theory is applicable in this context only to suits for infringement of patent that presupposes ownership.[14] Defendant has no ownership rights in the patent and a suit to establish those rights would be governed by the three-year statute of limitations, which began to run at the time the patent was issued.

Since defendant's action is barred by the statute of limitations, we have no need to reach the merits of the question as to whether plaintiff is a bona fide purchaser for value.

The judgment of the trial court is affirmed. Costs to plaintiff.

OAKS and DURHAM, JJ., and J. DUFFY PALMER, District Judge, concur.

STEWART, J., concurs in the result.

HOWE, J., having disqualified himself, does not participate herein; J. DUFFY PALMER, District Judge, sat.

---

14. *M. & T. Chemicals, Inc. v. International Business Machines Corp.*, 403 F.Supp. 1145 (S.D.N.Y.1975), *aff'd*, 542 F.2d 1165 (2nd Cir. 1976).