724 F.Supp. 835 (1989)
Kenneth McHENRY, Plaintiff,
v.
UTAH VALLEY HOSPITAL, A DIVISION OF INTERMOUNTAIN HEALTH CARE, INC., Defendant.
No. 88-C-0913-S.
United States District Court, D. Utah, C.D.
April 19, 1989.
On Motion to Reconsider October 2, 1989.
*836 Anthony M. Thurber, Salt Lake City, Utah, for plaintiff.
James W. Gilson, Scott C. Pugsley, Salt Lake City, Utah, for defendant.

DECISION
SAM, District Judge.
This action is before the court on the objection of plaintiff Kenneth McHenry to the magistrate's report and recommendation (R & R) granting the motion of defendant Utah Valley Hospital (Utah Valley) for judgment on the pleadings because McHenry's complaint was not filed within the four-year statute of limitations for civil actions. Utah Code Ann. § 78-12-25(3) (1987). The gravamen of McHenry's objection is that the statute should be declared unconstitutional because it violates the open courts provision, Article I, Section II of the Utah State Constitution.

I. Facts

In January 1980 McHenry suffered injury when an electronic gate at his place of business unexpectedly descended, knocking him to the ground. McHenry alleges he learned for the first time in November 1984 the malfunction probably resulted from negligent installation or connection of the gate's electronic components.
Utah Valley moves for Fed.R.Civ.P. 12(c) judgment on the pleadings on the ground McHenry's complaint was filed on October 5, 1988, over four years after the statute of limitations for civil actions had run. It also requests reasonable attorneys fees and costs, pursuant to Utah Code Ann. § 78-27-56 (1978) and Fed.R.Civ.P. 11.

II. Discussion

Rule 12(c) allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." "Judgment on the pleadings may be granted only if, on the facts as to admitted, the moving party is clearly entitled to judgment." 2A Moore's Federal Practice para. 12.15 (2d ed. 19th printing 1978); Sahm v. V-1 Oil Co., 402 F.2d 69 (10th Cir.1968).
Section 78-12-25(3) provides four year statute of limitations on "an action for relief not otherwise provided by law." That provision encompasses civil actions not governed by other statutes. Article I, Section II of the State Constitution provides,
All courts shall be open, and every person, for an injury done to him on his person, property, or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel any civil cause to which he is a party.
First, McHenry asserts the statute of limitations violates Section II because a personal injury plaintiff could be time-barred from commencing an action before his injury even occurred. In support of this argument, McHenry cites Berry by and through Berry v. Beech Aircraft, 717 P.2d 670 (Utah 1985), in which the Utah Supreme Court invalidated the statute of limitations for product liability cases. The Court noted that where the statute of repose began running from a date other than the date of injury, e.g. the date of manufacture, the plaintiff could be barred from bringing his action before his injury occurred, and the statute did not allow for a reasonable time for filing of an action once it arises. Berry distinguishes a statute of repose from a statute of limitations as follows:
A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated *837 or the remedy for the wrong committed is deemed waived. A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action.
Id. at 672.
Where the timeliness of McHenry's complaint is not determined by a date other than the date of injury, a statute of limitations rather than of repose governs. The Berry concerns are not present here, because McHenry was allowed the reasonable period of four years from the date of his injury in which to bring suit.
Second, McHenry cites Foil v. Ballinger, 601 P.2d 144, 148 (Utah 1979) for the proposition the statute does not start running until the plaintiff has knowledge of the injury as well as of the negligence that caused it. Foil involves a plaintiff who did not discover the precise nature of her illness and the fact it was caused through medical malpractice until a panel of medical examiners submitted a report on her to the State Industrial Commission. That case is factually distinguishable from the instant case, because McHenry knew the nature and cause of his injury from the date it occurred as well as the possibility of Utah Valley's negligence. In Hargett v. Limberg, 598 F.Supp. 152, 155 (D.Utah 1984), rev'd on other grounds, 801 F.2d 368 (10th Cir.1986), the court held,
Under Foil and its progeny, a legal determination of negligence is not necessary to start the statute of limitations. Rather, the crucial question is whether the plaintiff was aware of the facts that would lead a reasonable person to conclude that he may have a cause of action against the health care provider. Those facts include the existence of an injury, its cause and the possibility of negligence.
From the date of his injury in 1980 through 1984, the statutory filing period, McHenry possessed the facts that would have led a reasonable person to conclude he may have had a cause of action against Utah Valley. His bringing this action eight years after the injury is the very harm to the defendant and the system the statute of limitations seeks to avoid.
The state has a legitimate interest in preventing stale claims. The statute provides a reasonable length of time in which to bring suit. Although it works a hardship on particular plaintiffs, there is no violation of due process in its application.... As plaintiff concedes, it is generally within the sound discretion of the legislature to enact statutes of limitation. Such statutes carry a strong presumption of constitutionality.
Brubaker v. Cavanaugh, 741 F.2d 318, 321 (10th Cir.1984). As Utah Valley points out, a statute of limitations is constitutionally sound if it should allow a reasonable, not unlimited, time in which to bring suit.
[W]hat shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice.
Wilson v. Iseminger, 185 U.S. 55, 63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902). The court sees no manifest denial of justice in the present four-year statute of limitations and therefore nothing to overcome the statute's strong presumption of constitutionality. On the face of the pleadings, Utah Valley is clearly entitled to judgment.
Regarding attorneys fees and costs, Rule 11 states,
The signature [on a pleading] of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an *838 order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
The court concludes a reasonable inquiry into the law would have shown McHenry's claim was time-barred and the statute of limitations is constitutionally sound. Consequently, because this action does not appear to be warranted by existing law, the court is inclined to award Utah Valley reasonable attorneys fees and reasonable costs of court.

IV. Conclusion

The court adopts the R & R granting Utah Valley's Rule 12(c) motion for judgment on the pleadings and thereby dismisses McHenry's complaint with prejudice. Utah Valley is awarded reasonable attorneys fees and reasonable costs incurred in defense of this action.

On Motion to Reconsider
This action is before the court after the September 27, 1989 hearing on the motion of plaintiff Kenneth McHenry to reconsider (Fed.R.Civ.P. 56) or to amend his complaint to plead with more specificity the date on which he became aware of his injury. The court also heard the motion of defendant Utah Valley Hospital (Utah Valley) to amend the judgment to expressly include the award of attorney's fees against McHenry and his counsel and Utah Valley's motion for additional sanctions.

I. Procedural History

In its decision dated April 19, 1989, the court determined there was no merit to McHenry's assertion Utah Code Ann. § 78-12-25(3) is unconstitutional and concluded the "discovery rule" (the statute of limitations starts running when the plaintiff discovers his latent injury rather than when the injury was incurred) is not applicable in this instance. The court also awarded sanctions of reasonable attorney's fees and costs; however, it was the court's original intention to make a specific award of attorney's fees. Utah Valley requested attorney's fees of $3,000.00 as sanctions related to its Fed.R.Civ.P. 12(c) motion and now requests an additional $1,900.00 as sanctions related to defending against the instant motion.
In the instant motion, McHenry does not request reconsideration of the constitutional issue, but rather, focuses on the "accrual" issue related to when the claim arose for statute of limitations purposes. At the conclusion of the hearing, the court ruled from the bench the "discovery rule" does not apply to this case because the facts do not fit within one of the articulated exceptions to the general rule a claim arises at the occurrence of the last event necessary to create the cause of action. The court took the sanctions question under advisement.
Because the April 19 decision contains the facts of this case, they will not be repeated here. The court will supplement its bench ruling regarding the "discovery rule" and also address sanctions.

II. Discussion

The most recent Utah Supreme Court case related to application of the discovery rule is Brigham Young Univ. v. Paulsen Const., 744 P.2d 1370 (Utah 1987). There the Court pointed out "the general rule is that a cause of action accrues upon `the happening of the last event necessary to ... the cause of action.'" Id. at 1374 (quoting Becton Dickinson & Co. v. Reese, 668 P.2d 1254, 1257 (Utah 1983)). "[M]ere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations." Paulsen, 744 P.2d at 1374; Becton Dickinson, 668 P.2d at 1257; Myers v. McDonald, 635 P.2d 84, 86 (Utah 1981). Certain exceptional circumstances justify application of the discovery rule because the plaintiffs "had no alternative other than to bring their action after the statutory limitation period had expired." Myers, 635 P.2d at 87. Becton Dickinson elucidates the exceptions:
In some areas of the law, the discovery rule is incorporated into the statute whereby the statute does not begin to run until the facts forming the basis for the cause of action are discovered. In *839 other circumstances, concealment or misleading by a party prevents that party from relying on the statute of limitations. Finally, there are exceptional circumstances that would make application of the general rule irrational or unjust, this Court has adopted the discovery rule by judicial action.
668 P.2d at 1257. Courts have recognized exceptions for, inter alia, radiation victims who had no knowledge they had been subjected to carcinogenics until symptoms appeared several years later, Maughan v. SW Servicing, 758 F.2d 1381 (10th Cir.1985); for survivors who did not find the decedent's body until after the period for timely commencement of a wrongful death suit, Myers v. McDonald, 635 P.2d 84 (Utah 1981); and for a patient in whom a surgical needle was left and not discovered until after the statute had run, Christiansen v. Rees, 20 Utah 2d 199, 436 P.2d 435 (1968). The sine que non of these exceptions seems to be that the plaintiff had no way of knowing the injury had occurred until after the statute had run and therefore no way of affixing or exploring potential liability within the statutory period. The "discovery rule" does not apply where the plaintiff has timely access to or actual knowledge regarding the nature and cause of his injury and potentially liable parties. On facts concerning an inappropriately filed patent claim, the Becton Court determined no exceptions applied because the plaintiff's due diligence would have unearthed the claim during the statutory period. The Paulsen Court held no exceptions applied where the tardy plaintiff knew the facts underlying its cause of action three and a half years before the statute had run.
In its April 19 opinion, this court cited the rule stated in Hargett v. Limberg:
[T]he crucial question [for starting the statute of limitations] is whether the plaintiff was aware of the facts that would lead a reasonable person to conclude that he may have a cause of action against the health care provider. Those facts include the existence of an injury, its cause and the possibility of negligence.
598 F.Supp. 152, 155 (D.Utah 1984), rev'd on other grounds, 801 F.2d 368 (10th Cir. 1986). The court considers that rule dispositive of the present issues. From the date of his injury in 1980 through 1984, the statutory filing period, McHenry was aware of facts that would have lead a reasonable person to conclude he was injured, the injury was caused by Utah Valley's allegedly defective gate and he might have had a cause of action against Utah Valley. McHenry cannot claim it would be irrational or unjust to deprive him access to the "discovery rule," because there is no case law supporting application of the rule in actions where the plaintiff knew of the injury, cause, and potential liability on a certain date but did not file within the statutory period commenced by that date. Following Paulsen, the "date of discovery" was the day in January 1980 when the gate fell on McHenry, and "[t]he discovery rule has no application when an action easily could have been filed between the date of discovery and the end of the limitation period." 744 P.2d at 1374. "Discovery" does not mean the plaintiff must realize the full extent of his injury. The court concludes the "discovery rule" does not apply here because the instant facts meet none of the exceptions to the general rule.[1] Where the proposed amendments to McHenry's complaint *840 would not move the court from this legal conclusion, his motion to amend should be denied.
Regarding attorneys fees and costs, Rule 11 states,
The signature [on a pleading] of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
The April 19 decision awarded Utah Valley sanctions, stating reasonable inquiry into the law would have shown McHenry's claim was time-barred and the statute of limitations is constitutionally sound. Concerning Utah Valley's present request for additional sanctions to cover the attorney's fees and costs of defending this motion, the court determines that although it considers McHenry's arguments unpersuasive, it does not believe they are sufficiently unreasonable to warrant sanctions. As stated from the bench and earlier in this decision, it was the court's intention to make a nominal award for sanctions related to the constitutional challenge. Although the decision and judgment reflect an award of "reasonable attorney's fees," the court is inclined to award Utah Valley a total of $500.00 in attorney's fees plus costs of court, which amount will be assessed against both McHenry and his counsel.

III. Conclusion

McHenry's Rule 56 motion to reconsider and his motion to amend are denied. The court orders that the judgment entered be amended to show Utah Valley is awarded $500.00 in attorney's fees plus costs of court against McHenry and his counsel.
NOTES
[1] McHenry asserts in the attempted amendment to his complaint that discovery of the extent of his injury was impeded because the hospital that x-rayed him destroyed the X-rays. However, he does not assert the X-rays were destroyed to perpetrate fraud or concealment, merely that they were recycled long after used for McHenry. Rather than providing evidence to support the finding of an exception, McHenry's assertion underscores the policy surrounding statutes of limitations: to avoid adjudication of stale claims for which evidence has dissipated over time. See Becton Dickinson, 668 P.2d at 1257 (quoting Order of the Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 348-49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944) ("The policy heretofore adopted by this Court is that statutes of limitations `are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared'")).