2000 UT 84

**QUICK SAFE–T HITCH, INC., A
Utah Corporation, Plaintiff
and Appellant,**

Francis E. (Eve) Render aka Francis Eve
David and Brad Cox, Involuntary
Plaintiffs,

v.

**RSB SYSTEMS L.C., a Utah Limited
Liability Company, Defendant
and Appellee.**

No. 990021.

Supreme Court of Utah.

Oct. 24, 2000.

J. David Nelson, Robert D. Dahle, Sandy, for plaintiff.

Roy G. Haslam, Angie Nelson, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 Plaintiff Quick Safe T Hitch, Inc., appeals from the trial court's order granting defendant RSB Systems's (RSB) motion to dismiss. The trial court ruled that plaintiff's action seeking an order declaring it to be the owner of certain rights in the patent at issue was time-barred by the three-year statute of limitations of section 78–12–26(2) of the Utah Code. We hold that the four-year statute of limitations of section 78–12–25(3), rather than section 78–12–26(2), is the applicable statute of limitations.

### BACKGROUND

¶ 2 This case involves a dispute over the ownership of rights in United States Patent No. 4,998,745 (the patent). The dispute arises from various assignments made by the original inventor and patent holder, John David.

¶ 3 On July 7, 1991, David executed a written assignment of "full ownership" of the patent to Donald Lynn Smith and Brad Cox, except for a 7% interest in the profits he

reserved for himself, and a 10% interest he assigned to Eve Render. Eighteen months later, on January 4, 1993, David made an additional assignment to Smith, transferring to Smith a portion of the interest David had retained for himself from the first assignment, purporting to be "45% of all profits or royalties" from the patent.

¶ 4 Later that year, on November 17, 1993, David executed another written assignment, purporting to assign all rights and interests in the patent to defendant RSB. RSB recorded this assignment with the United States Patent and Trademark Office a few days later, on November 24, 1993.

¶ 5 The original assignment from David to Smith was not recorded in the Patent and Trademark Office until January 3, 1994. Sometime after, Smith assigned his interest in the patent to plaintiff Quick Safe–T Hitch.

¶ 6 On June 30, 1998, plaintiff brought suit against RSB, seeking an order of the court declaring plaintiff to be the owner of the rights assigned to Smith on July 7, 1991, and January 4, 1993. Plaintiff further sought a declaration that David's assignment of rights in the patent to RSB was unenforceable, or alternatively, subordinate to the rights held by plaintiff.

¶ 7 Pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure, RSB moved to dismiss the action as barred by the three-year statute of limitations of Utah Code Ann. § 78–12–26(2) (1996).[1] RSB argued that patents and rights in patents are considered personal property under Utah law, *see Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1256 (Utah 1983), and because plaintiff was essentially alleging that defendant had "somehow taken, detained, injured or affected [plaintiff's] personal property rights" in the patent, section 78–12–26(2) applied to bar plaintiff's action for declaratory judgment.

¶ 8 Citing *Becton Dickinson*, RSB asserted that the statute of limitations in section 78–12–26(2) began to run "upon the happening of the last event necessary to complete the cause of action." 668 P.2d at 1257. RSB

claimed that the last event was the assignment of patent rights by David to RSB on November 17, 1993, and the statute of limitations began to run on that date and expired three years later, on November 17, 1996. Because plaintiff did not bring its action until June 30, 1998, RSB maintained that plaintiff's action was time-barred. The trial court agreed and granted RSB's motion to dismiss.

¶ 9 On appeal, plaintiff argues that the trial court improperly granted RSB's motion to dismiss because section 78–12–26(2) does not apply to its cause of action. Plaintiff asserts that its action is "one for declaratory judgment to quiet title between the two allegedly competing patent assignments" and not an action for taking, detaining, or injuring personal property governed by section 78–12–26(2).

## STANDARD OF REVIEW

¶ 10 Whether the trial court properly concluded that section 78–12–26(2) applied to bar plaintiff's action is a question of law, which we review for correctness. *See Stokes v. Van Wagoner*, 1999 UT 94, ¶ 6, 987 P.2d 602 ("The propriety of a dismissal based on Utah R.Civ.P. 12(b)(6) is a question of law; therefore we review the district court's ruling for correctness.")

## ANALYSIS

¶ 11 Plaintiff argues that the three-year statute of limitations "for taking, detaining, or injuring personal property" of section 78–12–26(2) does not apply to its action for declaratory judgment because plaintiff is seeking an order quieting title to the rights in the patent, and is not alleging any taking, detaining, or injury of those rights. Plaintiff also objects to the application of the four-year statute of limitations of Utah Code Ann. § 78–12–25(3) (1996), but offers no analysis on this issue. Plaintiff does not identify any statute of limitations it believes does apply.

¶ 12 In this case, the original patent holder, David, assigned his rights in the patent to Smith, plaintiff's predecessor in interest.

---

1. Section 78–12–26(2) limits to three years the time in which an action may be brought "for taking, detaining, or injuring personal property, including actions for specific recovery thereof." *Id.*

David subsequently executed another assignment to defendant RSB, purporting to assign all his rights in the patent to RSB. In its action for declaratory judgment, plaintiff does not allege that defendant RSB has taken, detained or injured plaintiff's ownership rights in the patent by receiving the second assignment from David, nor is plaintiff's underlying claim for the specific recovery of its rights in the patent. Plaintiff retained the rights in the patent it received in the Smith assignment even after David made the later assignment to RSB.

¶ 13 RSB relies on *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254 (Utah 1983), as support for its argument that plaintiff's claim is time-barred by section 78–12–26(2). However, *Becton Dickinson* is distinguishable from this case. In *Becton Dickinson*, Reese, an employee, made a new scientific discovery and reported the discovery to his supervisor, Johnson. *See id.* at 1256. Approximately four years after the discovery, a patent was issued to Johnson for Reese's discovery. *See id.* Reese had no ownership rights in the patent because the patent had been issued solely to Johnson. *See id.* More than five years after the patent was issued, and more than three years after Reese had learned that the patent was solely in Johnson's name, Reese claimed that his discovery had been wrongfully converted. *See id.* Reese brought a claim specifically for taking, detaining, or injuring personal property, and for the specific recovery thereof. *See id.* Therefore section 78–12–26(2)'s three-year statute of limitations was undoubtedly applicable. *See id.*

¶ 14 Because plaintiff's cause of action in this case is not based on a taking, detaining, or injury to plaintiff's ownership rights in the patent, nor is it an action to recover ownership rights, section 78–12–26(2)'s statute of limitations is not applicable to plaintiff's claim.

■ ¶ 15 Having determined that the three-year statute of limitations of section 78–12–26(2) is not applicable to plaintiff's action, we next turn to the question of which statute of limitations applies to plaintiff's action. Section 78–12–1 of the Utah Code mandates that civil actions "may be commenced only within the periods prescribed in this chapter ... except in specific cases where a different limitation is prescribed by statute." Utah Code Ann. § 78–12–1 (1996). Moreover, section 78–12–25(3) provides, "An action may be brought within four years: ... (3) for relief not otherwise provided for by law." *Id.* § 78–12–25(3). The plain language of these two sections clearly requires that section 78–12–25(3)'s four-year "catch-all" statute of limitations be applied to claims for which the legislature has not enacted a more specific statute restricting the time in which a particular claim may be brought. Because there is no specific statute of limitations for a claim where nothing more is sought than an order quieting title to ownership rights in a patent, section 78–12–25(3) is the statute of limitations applicable to plaintiff's claim.

¶ 16 Because we hold that the four-year statute of limitations applies to plaintiff's action, we reverse the trial court's decision dismissing plaintiff's action on the basis that it is barred by the three-year limitation period of section 78–12–26(2), and remand for application of the correct statute of limitations, section 78–12–25(3).[2]

## CONCLUSION

¶ 17 The trial court erred in concluding that the three-year statute of limitations of section 78–12–26(2) applied to plaintiff's action to quiet title to ownership rights in the patent. The statute of limitations applicable to plaintiff's claim is the four-year statute of limitations of section 78–12–25(3). The case is reversed and remanded for further proceedings consistent with this opinion.

2. The record on appeal is insufficient to determine the result of application of the four-year limitation. However, contrary to the concern expressed by plaintiff, even if this action is time-barred, the ownership interests of the parties in the patent will be subject to review again when either party believes the other has actually infringed on the rights conveyed to them in the patent. *See* 35 U.S.C. § 281 (1984).

¶ 18 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Judge DAVIS concur in Justice WILKINS' opinion.

¶ 19 Having disqualified himself, Justice DURRANT does not participate herein; Court of Appeals Judge JAMES Z. DAVIS sat.