*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 35**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

In the Matter of the Estate of GORDON WARREN WOMACK

GORDON DOUGLAS WOMACK,
*Petitioner,*

*v.*

STACY LEE WOMACK LEAVITT and
NICHOLLE WOMACK HENDRICKSON,
*Respondents.*

No. 20160544
Filed June 23, 2017

On Certiorari to the Utah Court of Appeals

Eighth District, Duchesne
The Honorable Samuel P. Chiara
No. 893800021

Attorneys:

Justin C. Rammell, Sandy, for petitioner

Jon M. Hogelin, Benjamin T. Lakey, Provo, for respondents

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE PEARCE joined.

JUSTICE HIMONAS, opinion of the Court:

### INTRODUCTION

¶ 1    This case arises out of a provision in Gordon Warren Womack's will that left a life estate in oil, gas, and mineral properties to his children, with the remainder to his grandchildren. Twenty-two years after Gordon Womack's estate was settled, one of his sons lodged a petition to reopen the estate

and to interpret the provision, arguing that it had not been construed in past district court orders regarding his father's estate and, therefore, was not barred by a statute of limitations. We disagree and hold that the petition is severely untimely. Therefore, except as set forth below, *infra* ¶ 15, we affirm the decision of the court of appeals.

## BACKGROUND

¶ 2    Gordon Warren Womack (Decedent) died in May 1989, leaving three children: Gordon Douglas Womack (Douglas or Mr. Womack), Gloria Womack (Gloria), and Jeff Womack (Jeff). Decedent's will was formally probated the next month, with Gloria and Jeff appointed as the personal representatives of Decedent's estate.

¶ 3    The district court entered an estate-closing order in 1990. A year and two months later, the personal representatives petitioned the court to reopen the estate, in part so the court could construe a provision in the will that addressed oil, gas, and mineral rights. The provision states that

> the oil, gas and mineral rights under the said property together with any other oil, gas and mineral rights of which I am seized or possessed at the time of my death, are devised to each of my children, share and share alike, for life, remainder to the children of each of my children, each of my grandchildren to divide their parent's share by representation per stirpes and not per capita.

(Emphases in original).

¶ 4    On June 3, 1991, the district court reopened the estate and held that the oil, gas, and mineral rights provision "shall be construed to mean that it was the decedent's intent that all children of his children be included, adopted or natural, who are or have been in being at the time of death of their parent who is a child of decedent." The court in July 1992 entered an amended estate-closing order stating that additional assets should be divided equally among Gloria, Jeff, and Douglas, and that if the "assets are, or include, mineral rights, a remainder interest in such mineral rights to the grandchildren of the decedent be provided, as appropriate, pursuant to the requirements of the decedent's Will as construed by this court's Order of June 3, 1991." The

schedule of distribution attached to the 1992 estate order provided each of the children with a "1/3 Life Estate Interest" in the "Mineral Properties" and stated that each grandchild is to receive "an undivided remainder interest in fee of each child's respective parent's interest, by representation, of any and all of the decedent's oil, gas and mineral rights in and under the real property allocated to their said parent above."

¶ 5     A question about the proper allocation of oil, gas, and mineral rights arose in 2014 after some of Decedent's children and grandchildren leased their oil and gas rights to an oil and gas exploration company. According to Mr. Womack's amended petition to reopen the estate, the company notified the lease-holders that it had suspended its royalty payments and placed them in an escrow account pending determination of whether the royalties were due to the holders of life estates or remainder interests. Mr. Womack then filed a petition for the district court to construe the oil, gas, and mineral rights provision "to include the following provision: 'a life estate in and to the right to receive all rents, royalties, bonuses and other income from production of said minerals during their lifetime, along with all executive rights to enter into leases on behalf of both the life estate and remainder, without liability for waste.'" Mr. Womack submitted an affidavit from the attorney who drafted Decedent's will, which stated that Decedent intended for his children to enjoy the income from the oil, gas, and mineral rights. Two of Decedent's grandchildren, Stacy Womack Leavitt and Nicholle Womack Hendrickson, who own remainder interests in the oil, gas, and mineral rights, opposed Mr. Womack's petition, arguing that he was seeking to reconstrue a provision of the will that the court had already construed in its 1991 and 1992 orders.

¶ 6     The district court denied Mr. Womack's petition, holding that despite Mr. Womack's insistence that it was a petition to resolve an ambiguity for the first time, the petition was actually a request to modify or vacate the 1992 estate order. The district court further held that the 1992 estate order was final under Utah Code section 75-3-412(1), which provides that a formal testacy order is "final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will, and to the determination of heirs." Because none of the exceptions to the

finality of the 1992 estate order applied, the district court determined that Mr. Womack's petition was barred by Utah Code section 75-3-413, which authorizes modification of "an order in a formal testacy proceeding . . . within the time allowed for appeal."

¶ 7    Mr. Womack appealed, and the Utah Court of Appeals affirmed, stating that the 1992 estate order created life estates in mineral rights, which, "by default, do not encompass a right to any proceeds from new mineral extraction." *In re Estate of Womack*, 2016 UT App 83, ¶ 17, 372 P.3d 690. The court of appeals held that Mr. Womack's petition sought to modify the district court's 1992 estate order and was an untimely petition to interpret a will that had already been construed. *Id.*

¶ 8    Mr. Womack timely filed a petition for a writ of certiorari, which we granted as to the question of "[w]hether the court of appeals erred in affirming the district court['s] conclusion that [Mr. Womack] sought a vacatur or modification of the prior estate-closing order that was barred by the statute of limitations." We have jurisdiction under Utah Code section 78A-3-102(3)(a).

## STANDARD OF REVIEW

¶ 9    On certiorari, we review the court of appeals' determination of whether a statute of limitations bars a claim for correctness. *Johnson v. Johnson*, 2014 UT 21, ¶ 7, 330 P.3d 704.

## ANALYSIS

¶ 10  Mr. Womack may have correctly identified an ambiguity stemming from Decedent's will. But he cannot resolve this ambiguity by attempting to construe Decedent's will because this attempt suffers from a statute of limitations problem. He may, however, obtain a determination of the legal effect of the district court's orders through alternative procedures.

¶ 11  In general, "a formal testacy order . . . is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will, and to the determination of heirs." UTAH CODE § 75-3-412(1). After a testacy order is final, a petition to modify or vacate the order must be filed "within the time allowed for appeal." *Id.* § 75-3-413. Mr. Womack argues that his petition is to construe Decedent's will, not to modify or vacate the estate order, and he cites Utah Code section 75-3-107(2) in support of his argument

that petitions "to construe probated wills" are exempt from any applicable statute of limitations. Thus, Mr. Womack argues, his petition is not barred.

¶ 12 We disagree, and hold that the district court correctly construed Mr. Womack's petition as an attempt to modify a final estate order, making his petition untimely. We first note that the district court's estate orders were formal testacy orders under Utah Code section 75-3-412, as the district court entered them as part of a formal testacy proceeding—noting that the "will of the decedent . . . is hereby formally probated." *See id.* § 75-3-401 ("A formal testacy proceeding is litigation to determine whether a decedent left a valid will."). And the district court clearly construed the provision of the will at issue. In the schedule of distribution attached to its 1992 estate order, the court divided the oil, gas, and mineral rights into life estates for Decedent's children and remainder interests for his grandchildren. Likewise, with respect to any mineral rights that may not have been disposed of by the 1992 estate order, that order provided for "a remainder interest in such mineral rights to the grandchildren of the decedent . . . pursuant to the requirements of the decedent's Will as construed by this court's Order of June 3, 1991." The June 1991 order, in turn, specifically addressed the oil, gas, and mineral rights provision. In light of these determinations, we find it undeniable that in 1991 and 1992 the district court specifically construed the oil, gas, and mineral rights provision of Decedent's will.

¶ 13 We therefore agree with the district court that Mr. Womack's petition would necessarily "result in vacation of the prior [estate-closing] order" and the issuance of "a different order" that would create new rights for the life-estate holders that were not provided for in the district court's 1991 or 1992 orders. To this point, the district court's prior orders did not spell out that the life-estate holders have "the right to receive all rents, royalties, bonuses and other income from production of said minerals during their lifetime," nor did they provide that the life-estate holders may "enter into leases on behalf of both the life estate and remainder, without liability for waste," as Mr. Womack's petition urges. Hence, to grant Mr. Womack the relief he seeks would require a reworking of the orders, which means that Mr. Womack's petition is subject to the time limit to appeal under section 413.

¶ 14   Mr. Womack argues that no statute of limitations applies because his petition aims to interpret, not modify, the 1992 estate order. This argument necessarily fails, as we hold that his petition does aim to modify the estate order and is therefore covered by Utah Code section 75-3-413. Mr. Womack's petition was untimely because he filed his petition almost twenty-two years after Decedent's will was construed, long past the time provided under section 75-3-413.[1] We therefore affirm the court of appeals in that regard.

¶ 15   But we part company with the court of appeals with respect to its determination of the relative rights of holders of life estates vis-à-vis holders of remainder interests in oil, gas, and mineral rights. We do not believe it was appropriate for the court of appeals to reach this issue. To determine whether a statute of limitations bars Mr. Womack's petition, we need not look to the merits of whether the life-estate holders have the right to receive rents, royalties, bonuses, and other income from mineral production, as the court of appeals did. *See CIG Expl., Inc. v. State*, 2001 UT 37, ¶ 8, 24 P.3d 966 (declining to look to merits of the case before determining whether statute of limitations barred claim); *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1258 (Utah 1983) ("Since defendant's action is barred by the statute of limitations, we have no need to reach the merits of the question . . . ."). We need only to look to the plain language of section 412. The 1992 estate order is final "with respect to all issues concerning the decedent's estate that the court considered or might have considered," and the court undoubtedly "considered or might have considered" the rights of the holders of life estates and

---

[1] The court of appeals considered the time limits under Utah Code section 75-3-412(3), which limits certain petitions for vacation to twelve months after the entry of the order or six months "where a personal representative for the estate has been appointed and a final distribution order has been entered." *In re Estate of Womack*, 2016 UT App 83, ¶ 11, 372 P.3d 690. But those time limits apply to petitions under section 412(1)(a) or (1)(b), which involve circumstances not at issue here. We therefore rely only on the time limit set out in section 413, which is "the time allowed for appeal." UTAH CODE § 75-3-413.

remainder interests when issuing its estate orders. UTAH CODE § 75-3-412. The estate order is therefore final, subject to modification only "within the time allowed for appeal," which has long since passed. *Id.* § 75-3-413.

¶ 16  Our conclusion, however, that Mr. Womack's petition was untimely does not resolve the issue of the legal effect of the district court's orders. As Mr. Womack points out, the confusion of the leasing company highlights that the rights of the holders of life estates and remainder interests are unclear. In attempting to resolve this ambiguity, Mr. Womack's petition asks the district court to construe a portion of Decedent's will. But that language has already been construed and reduced to writing in the 1991 and 1992 orders. It appears to us that what Mr. Womack is really seeking is a judicial declaration of the legal effect of the relevant provisions in the orders.

¶ 17  The 1992 estate order construed the oil, gas, and mineral rights provision to grant "a remainder interest in such mineral rights to the grandchildren of the decedent," and the schedule of distribution attached to the order stated that "[e]ach grandchild receives an undivided remainder interest in fee of each child's respective parent's interest, by representation, of any and all of the decedent's oil, gas and mineral rights in and under the real property allocated to their said parent above." The issue, then, is not what the *will* meant by devising the oil, gas, and mineral rights "to each of my children, share and share alike, for life, remainder to the children of each of my children," but rather what the legal effect of the *amended closing order* was when it construed that portion to mean that Decedent's children received life estates in the mineral rights and the grandchildren had undivided remainder interests.

¶ 18  Put slightly differently, the leasing company's confusion stems from the fact that the 1992 estate order did not lay out the rights of the holders of life estates and remainder interests in oil, gas, and mineral rights. But because Mr. Womack has not properly placed this issue before us in this action, we do not reach it. As a consequence, we vacate the portion of the court of appeals' decision that purported to set forth the relative rights of holders of life estates and remainder interests in oil, gas, and mineral rights. We note, however, that such a determination may still be achieved through several means, such as an action in interpleader.

*See*, *e.g.*, *First Sec. Bank of Utah, N.A. v. Maxwell*, 659 P.2d 1078, 1080 (Utah 1983) ("The bank, as a disinterested third party, initiated [an] action in interpleader asking for a determination of the rights of the buyer and sellers . . . .").

## CONCLUSION

¶ 19 Mr. Womack's petition—as an attempt to reconstrue Decedent's will and modify the district court's estate order—is untimely by over twenty years. The decision of the court of appeals, except as noted above, is affirmed.

————————