**Orville K. WROLSTAD, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Interstate Electric Company and/or Home Insurance/Home Indemnity, Respondents.**

**No. 890052–CA.**

Court of Appeals of Utah.

Jan. 8, 1990.

William W. Downes, Jr., Salt Lake City, for petitioner.

Theodore E. Kanell, Salt Lake City, for respondents.

Before BENCH and GREENWOOD, JJ., and BULLOCK [1], Senior District Judge.

J. ROBERT BULLOCK, Senior District Judge:

Orville Wrolstad has petitioned for judicial review of the denial of his claim for occupational disease disability benefits, challenging the constitutionality of the applicable statute of repose. We reverse on the basis of the open courts provision of the Utah Constitution.

Wrolstad was employed as an electrician by Interstate Electric Company ("Interstate"), a Utah firm, for about two years until 1977. Ten years later, he was diagnosed as suffering from pleural asbestosis, and filed a claim with the Industrial Commission under the Utah Occupational Disease Disability Law, Utah Code Annotated Title 35, Chapter 2. The Commission summarily [2] held that his claim was barred by the statute of repose found in Utah Code Ann. § 35–2–13(a)(2) (1988) (emphasis added), which reads:

> No compensation shall be paid for a disease other than silicosis unless total disability results within one year from the last day upon which the employee actually worked for the employer against whom compensation is claimed; provided, that an employee whose disablement was due to occupational exposure to ionizing radiation, a claim for such compensation shall (notwithstanding the provisions of Section 35–2–48) be filed within one year after the date upon which the employee first suffered incapacity from the exposure to radiation and either knew or in the exercise of reasonable diligence should have known that the occupational disease was caused by his present or prior employment.

Asbestosis is a respiratory disease caused by inhalation of asbestos fibers, which, though subject to stringent federal regulation in recent years,[3] are nevertheless present in the walls, ceilings, and floors of many previously constructed buildings. The symptoms of asbestosis are not apparent until fifteen to forty years elapse after the injurious inhalation of asbestos. The period between the times when the disease is contracted and when the disease becomes apparent is termed its "latency period."

Wrolstad asserts that, because of the long latency period of asbestosis, he did not know that he had the disease until after the one-year statute of repose had run, when it was too late to file an occupational disease claim. In view of that fact, Wrolstad argues that the statute of repose is unconstitutional under the open courts provision, Article I section 11 of the Utah Constitution, and under the equal protection clauses of the federal and Utah Constitutions. Because the open courts provision is alone dispositive, we do not reach the question of equal protection.

---

1. J. Robert Bullock, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1989).

2. Because no hearing on the facts of this case was held, we presume, to the extent necessary to resolve the issues on appeal, that the facts are as stated by Wrolstad. *See Ron Case Roofing Asphalt Paving, Inc. v. Blomquist,* 773 P.2d 1382 (Utah 1989); *Atlas Corp. v. Clovis Nat'l Bank,* 737 P.2d 225, 229 (Utah 1987).

3. *See* 40 C.F.R. part 61, subpart M (1988) (national emission standards); 51 Fed.Reg. 3738 (Jan. 23, 1986) (proposed ban/phaseout under Toxic Substances Control Act); 29 C.F.R. § 1910.93a (1988) (limiting workplace exposure to asbestos).

Article I section 11 of the Utah Constitution guarantees a person a legal remedy "for an injury done to ... his person, property or reputation[.]" This provision has been repeatedly held to invalidate a statute of repose that deprives a person of a remedy for an injury before a cause of action for that injury even arises.

In *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670 (Utah 1985), the court held invalid under the open courts provision a statute of repose barring products liability claims filed more than six years after first sale of the product or ten years after manufacture of the product. Berry died when a Beech airplane crashed after both time periods had elapsed. Berry's right to recover for Beech's allegedly defective product was thus time-barred before Berry was ever able to vindicate his right to compensation. The court held that the open courts provision guaranteed Berry a reasonable remedy for his right to compensation and that the statute of repose, which destroyed Berry's remedy, was constitutionally invalid.

Similarly, in two 1989 cases, *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.*, 782 P.2d 188 (Utah 1989) and *Horton v. Goldminer's Daughter*, 785 P.2d 1087 (Utah 1989), the Supreme Court held the statute of repose for claims against architects and builders to be invalid.[4] In both cases, a statute of repose precluded recovery before the injured person was in a position to exercise his right to recover.

The statute of repose at issue in this case operates in a similar fashion. A person who contracts asbestosis in his work is generally unaware of the disease until its symptoms become apparent years later, after the statute of repose has run. A person cannot file an occupational disease claim for a disease that he does not know he has. Recovery for his injury is therefore precluded without giving him any opportunity to vindicate his important right to compensation.

The Legislature clearly has power to alter the form of or to limit Wrolstad's compensation for his disease. However, to satisfy the open courts provision, the Legislature cannot effectively preclude all compensation without providing an equivalent alternative remedy. Wrolstad has no alternative. His right to sue in tort for his injury has been precluded by Utah Code Ann. § 35–2–3 (1988),[5] and his substitute right to compensation under the Occupational Diseases Act is barred under the statute of repose, subsection 35–2–13(a)(2). We see no reasonable public policy justification for thus precluding his right to recover for occupational disease.

By unjustifiably denying Wrolstad a remedy for his injury and leaving him with no alternative, subsection 35–2–13(a)(2) violates Article 1 section 11 of the Utah Constitution and is therefore invalid.

Under the principles explained in *Utah Technology Fin. Corp. v. Wilkinson*, 723 P.2d 406, 414 (Utah 1986) and *Berry*, 717 P.2d at 686, subsection 35–2–13(a)(2) is severable from the rest of the Occupational Diseases Disability Law, which continues in force without that subsection.

The decision of the Industrial Commission is reversed, and Wrolstad's claim is remanded.

BENCH and GREENWOOD, JJ., concur.

---

4. See also the brief, *per curiam* reversals based on *Sun Valley* and *Horton* in *Stilling v. Skankey*, 784 P.2d 144 (Utah 1989) and *Lichtefeld v. Cutshaw*, 784 P.2d 143 (Utah 1989).

5. See also *Masich v. United States Smelting, Refining & Mining Co.*, 113 Utah 101, 191 P.2d 612, 615–17, *appeal dismissed*, 335 U.S. 866, 69 S.Ct. 138, 93 L.Ed. 411 (1948); *Mounteer v. Utah Power & Light Co.*, 773 P.2d 405 (Utah Ct.App. 1989), *petition for cert. filed* 110 Utah Adv.Rep. 61 (1989).