Marilyn R. HALES, Widow; Delbert R. Hales, Monica M. Hales, and Cristal E. Hales, Minor Dependent Children; and Robyn L. Chambers, Former Wife of David K. Hales, deceased, Petitioners,

v.

The INDUSTRIAL COMMISSION OF UTAH; Emery Mining Corporation, aka Utah Power & Light Company; and Energy Mutual Insurance Co., Respondents.

No. 920319–CA.

Court of Appeals of Utah.

April 23, 1993.

Virginius Dabney (argued), Salt Lake City, Dabney & Dabney, P.C., for petitioner.

Rinehart L. Peshell (argued), Fairbourn & Peshell, Midvale, for respondents, Emery Min. & Energy Mut.

Benjamin A. Sims, General Counsel, Industrial Commission of Utah, Salt Lake City, for Industrial Com'n of Utah.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

ORME, Judge:

Petitioners appeal the Industrial Commission's order denying their motion for review of an administrative law judge's decision holding they were not entitled to dependent death benefits. The basis of petitioners' appeal is that the statute under which their claims were denied, Utah Code Ann. § 35–1–68(2) (1979), is an unconstitutional statute of repose. We agree and accordingly reverse the Commission's order.[1]

## FACTS

David K. Hales sustained a compensable injury on May 24, 1982, while employed by Emery Mining Corporation. He was initially paid temporary, total disability compensation and was awarded 32% permanent, partial disability compensation for orthopedic and internal medical problems, anxiety, depression, and intractable pain. Eventually, he was awarded permanent, total disability compensation. Mr. Hales died on November 25, 1988, more than six years after the accident.

Petitioners allege that the cause of Mr. Hales's death was his industrial accident and, as required by Utah Code Ann. § 35–1–68(2)(a) (1979), they filed dependents' death claims within one year of the date of his death. Emery Mining Corporation, Mr. Hales's employer, and its workers' compensation insurance carrier, Energy Mutual Insurance Company, denied responsibility for death benefits based on the time limitation found in Utah Code Ann. § 35–1–68(2) (1979), which provides, in part:

> In case injury causes death within the period of six years from the date of the accident, the employer or insurance carrier shall pay the burial expenses of the deceased as provided in section 35–1–81, and further benefits [provided in subsequent subsections of section 68, including payments to the deceased's dependents].

■ On April 3, 1992, the administrative law judge held that petitioners' claims were indeed barred by this statute because Mr. Hales died more than six years after the accident that allegedly caused his death. On April 17, 1992, petitioners filed a motion for review with the Commission alleging that the statutory provision in section 35–1–68(2) violated the Utah Constitution's open courts provision by extinguishing their constitutional right to litigate a valid claim before their right to file that claim arose. *See* Utah Const. art. I, § 11. On May 6, 1992, the Commission affirmed the administrative law judge's decision. In so doing, the Commission noted the likelihood that it would be reversed by this court on the authority of *Wrolstad v. Industrial Commission*, 786 P.2d 243 (Utah App.), *cert. denied*, 795 P.2d 1138 (Utah 1990), and *Velarde v. Industrial Commission*, 831 P.2d 123 (Utah App.1992), but ex-

---

1. Because we find the section an unconstitutional statute of repose, we need not address petitioners' second argument that the provision violates their equal protection rights under the Utah Constitution. *See Velarde v. Industrial Comm'n*, 831 P.2d 123, 130 (Utah App.1992); *Wrolstad v. Industrial Comm'n*, 786 P.2d 243, 244 (Utah App.), *cert. denied*, 795 P.2d 1138 (Utah 1990).

pressed the view it had no power to rule on the statute's constitutionality.[2]

## STANDARD OF REVIEW

■ The Utah Administrative Procedures Act permits us to grant relief if the petitioners have been substantially prejudiced because "the agency action, or the statute or rule on which the agency action is based, is unconstitutional on its face or as applied." Utah Code Ann. § 63–46b–16(4)(a) (1989). Whether the statute is constitutional presents a question of law which we consider de novo. *See Velarde*, 831 P.2d at 125.

## ISSUE ON APPEAL

■ Petitioners assert that Utah Code Ann. § 35–1–68(2) (1979), and the various versions thereof subsequently enacted in the course of amendment and recodification, is an unconstitutional statute of repose in violation of Article I, Section 11, of the Utah Constitution. Section 35–1–68(2) provides that employers or their insurance carriers shall pay death benefits to dependents only when the work-related injury "causes death within the period of six years from the date of accident." Petitioners claim this statute leaves dependents without a remedy if an injured worker survives more than six years from the date of his industrial injury and then dies. Because the statute terminated the dependents' cause of action before it arose, petitioners argue, the statute acts as one of repose. Furthermore, petitioners argue that no adequate, alternative remedy exists and thus the statute of repose is unconstitutional. *See Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 680 (Utah 1985).

## ANALYSIS

### A.  Introduction

The difference between a statute of limitations and a statute of repose is that

[a] statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated or the remedy for the wrong committed is deemed waived.  A statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action.

*Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985).  "A statute of repose ... prevents suit a statutorily specified number of years after a particular event occurs, without regard to when the cause of action accrues." *Velarde v. Industrial Comm'n*, 831 P.2d 123, 125 (Utah App. 1992).  An action accrues, generally, "upon the happening of the last event necessary to complete the cause of action." *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983).

In the instant case, petitioners' cause of action accrued upon the death of Mr. Hales, yet the six-year period of section 35–1–68(2) had already run so as to bar the assertion of their claim.  Consequently, section 35–1–68(2) acts as a statute of repose.  *See Velarde*, 831 P.2d at 126–27 (statute denying silicosis death benefits unless death results within three years from last day employee worked held to be unconstitutional statute of repose).  Unless the law provides an "effective and reasonable" alternative remedy, the statute is unconstitutional.  *Berry*, 717 P.2d at 680.[3]

**2.** The Industrial Commission also expressed confusion as to whether judicial review of its decision would be initially in this court or by trial de novo in the district court.  The administrative law judge's decision and the Industrial Commission's review constitute formal adjudicative proceedings.  *See* Utah Code Ann. § 63–46b–4 (1989).  Review is properly in this court.  Utah Code Ann. § 63–46b–16 (1989).  *See, e.g.*, *Velarde v. Industrial Comm'n*, 831 P.2d 123 (Utah App.1992); *Wrolstad v. Industrial Comm'n*, 786 P.2d 243 (Utah App.), *cert. denied*, 795 P.2d 1138 (Utah 1990).  No purpose would

be served by a trial de novo in the district court where the relevant facts are not in dispute and the issue is solely one of law.  *Cf. Alumbaugh v. White*, 800 P.2d 825 (Utah App.1990) (per curiam) (disputed factual finding, made without formal hearing, reviewed by trial de novo in district court).

**3.** If there is no substitute or alternative remedy provided, the statute of repose may be justified only if there is a "clear social or economic evil to be eliminated" and the means selected to remedy the evil are not "arbitrary or unreason-

Respondents argue that section 35–1–68 does not violate the open courts provision of the Utah Constitution "because Petitioners can still pursue their claims against the Employers Reinsurance Fund," formerly the second injury fund. Respondents claim section 35–1–68(2) does not cut off the claims of the deceased's dependents, but merely limits the liability of the employer or insurance carrier for death benefits to the period of six years from the date of the employee's injury. As to benefits payable after the six years, dependents have an alternative remedy by pursuing their claims against the special fund, provided for in section 35–1–68(1), under Utah Code Ann. § 35–1–70 (1988).

Section 70 provides, in its entirety, as follows:

> If any wholly dependent persons, *who have been receiving the benefits of this title*, at the termination of such benefits are yet in a dependent condition, and under all reasonable circumstances should be entitled to additional benefits, the industrial commission may, in its discretion, extend indefinitely such benefits; but the liability of the employer or insurance carrier involved shall not be extended, and the additional benefits allowed shall be paid out of the special fund provided for in Subdivision (1) of Section 35–1–68.

Utah Code Ann. § 35–1–70 (1988) (emphasis added).

Respondents argue that petitioners were receiving benefits under "this title," and thus have an alternative remedy pursuant to section 35–1–70, because Mr. Hales was receiving permanent, total disability benefits under Utah Code Ann. § 35–1–67 (1988). That section states that an "employee shall receive" compensation which

> may not be more than 85% of the state average weekly wage at the time of the injury ..., [and] may not be less than the sum of $45 per week, *plus $5 for a dependent spouse, plus $5 for each dependent child under the age of 18*

*years*, up to a maximum of four such dependent minor children....

Utah Code Ann. § 35–1–67 (1988) (emphasis added).

Based upon the above quoted statutes, respondents argue that although the employee receives the check under section 67, the dependents are included in the calculations determining benefits and the dependents, therefore, are receiving benefits, albeit through the injured employee. Consequently, respondents continue, petitioners were receiving benefits pursuant to section 35–1–70 and may proceed against the special fund provided for in section 35–1–68(1). Respondents conclude that even if section 68(2) extinguishes petitioners' death benefit claims *against the employer* before they arise, this alternative remedy available to them through section 35–1–70 precludes section 35–1–68(2) from being unconstitutional. Respondents bolster their argument by submitting that if section 35–1–70 did not apply in the instant case, it would never apply.

Petitioners respond by arguing that just because the minimum permanent disability compensation *an employee* may receive pursuant to section 35–1–67 includes, as part of the calculation, $5 for a dependent spouse plus $5 for each dependent minor child, the dependents here were not necessarily "receiving the benefits" for purposes of section 35–1–70. Furthermore, petitioners submit, without contravention, that Mr. Hales's disability pay did not include the $5 per dependent allowance referred to in section 35–1–67 because he was collecting the maximum weekly rate without the additional dependents' allowance being considered.

By analyzing both the scheme of the relevant statutes and their history, we conclude that section 35–1–70 does not provide the beneficiaries with an "effective and reasonable alternative remedy." *Berry*, 717 P.2d at 680.

### B. Statutory Scheme

The statutory scheme specifically distinguishes between employee payments and

able." *Berry*, 717 P.2d at 680. Respondents do not argue that there is any social or economic evil to be eliminated and, therefore, the issue is

confined to whether a reasonable alternative remedy is available.

payments to dependents. Section 35–1–66 sets out the compensation that an *"employee ... may receive"* for his or her permanent, partial disability. Utah Code Ann. § 35–1–66 (1988) (emphasis added). Similarly, section 35–1–67 outlines the disability payments an *"employee* shall receive." Utah Code Ann. § 35–1–67 (1988) (emphasis added). Both sections provide that the *minimum* compensation a worker shall receive is to be a sum certain plus $5 if the worker has a dependent spouse, plus $5 for dependent children under 18, up to a maximum of four such dependent children. The *maximum* compensation allowed by these sections, which is what Mr. Hales apparently received, makes no reference to dependents and is based on an entirely different formula. Just because the existence of a dependent spouse or dependent children increases the *minimum* compensation a partially or totally disabled *employee* receives, it does not follow that those dependents are receiving benefits for purposes of section 35–1–70. There is no requirement that the additional $5 be paid over to or used for the benefit of the dependents. By contrast, section 35–1–68 specifically provides for benefits that are paid to *dependents. See* Utah Code Ann. § 35–1–68(2) (1988). Thus, section 35–1–70 applies only to dependents who have been receiving benefits in their own right.

A historical review of sections 35–1–70 and 35–1–68 confirms our conclusion that receipt of disability payments by an injured employee *with* dependents does not constitute receipt of benefits *by* dependents for purposes of section 35–1–70.

### C. Statutory History

The predecessor of the present dependent death benefits statute, Utah Code Ann. § 35–1–68 (1988), was first enacted by the Utah Legislature in 1917. 1917 Utah Laws ch. 100, § 79. That original statute provided death benefits to dependents, paid by the employer or its insurer, for the period "between the date of the death, and six years after the date of the injury," but

no longer. 1917 Utah Laws ch. 100, § 79(2). As originally adopted, the death benefits ended six years after the injury regardless of whether the spouse or child might still be dependent and in need.[4] Obviously in an attempt to remedy this harsh scheme, the 1917 death benefits statute was amended four years later to include the following language, which language is the statutory ancestor of the current section 35–1–70:

> If any wholly dependent persons, *who have been receiving the benefits of this Act,* and who, at the termination of such benefits are yet in a dependent condition, and under all reasonable circumstances, should be entitled to additional benefits, the industrial commission may, at its discretion, extend indefinitely such benefits; but the liability of the employer or insurance carrier involved shall not be extended, but the additional benefits allowed shall be paid out of the special fund provided for in subdivision 1 of this section.

1921 Utah Laws ch. 67, § 3140(7) (emphasis added).

The initial placement of the language of section 35–1–70 within the death benefits statute demonstrates that the phrase "receiving the benefits" referred to dependents receiving benefits—death benefits—in their own right; the provision has no relevance to dependents of employees who have been receiving disability benefits, but who have not themselves been receiving benefits. And this holds true even if the dependents have been taken into account in calculating the amount of disability benefits received by the employee.

In over seventy years since the words now found in section 35–1–70 were originally adopted, they have remained essentially unchanged. The only significant change has been that the provision was taken out of the predecessor of the death benefits section—section 68—and made its own self-standing section in 1933. Utah Rev.Stat. § 42–1–66 (1933). Although this provision

---

**4.** The failings of such a system are highlighted in the scenario where a dependent child was one year old at the time of the employee's injury and the benefits ended automatically, with no chance of extension, when the child was only seven years old.

for continuing death benefits in special cases has remained a self-contained provision up to the present day codification in section 35–1–70, its origin as a part of the death benefits section is significant.

Again, the 1921 amendment of the death benefits statute remedied the situation in which the six-year limitation had run, but an employee's survivors were still dependent and in need. This amendment allowed the Industrial Commission to extend benefits, at its discretion, for those dependent individuals. So long as death benefits as of right automatically ceased after the six year limitation, the escape valve provided in what is now section 35–1–70 was necessary to remedy injustices. However, in 1973 the death benefits statute was amended to automatically provide benefits "[f]ollowing the period during which the employer or its insurance carrier is required to pay benefits under this act ... during the period of their dependency." 1973 Utah Laws ch. 67, § 5 (codified as Utah Code Ann. § 35–1–68(4) (1973)). Under this 1973 amendment, death benefits were to be paid, after six years from the date of injury, from the special fund provided for in section 35–1–68(1) until the termination of dependency.[5] This amendment obviated the need for dependents to seek the discretionary extension of death benefits under section 35–1–70 because the benefits were now extended as of right, assuming only that the individual remained in a dependent condition. The 1973 amendment, automatically extending benefits, was recodified in

1979 as Utah Code Ann. § 35–1–68(2)(b)(ii) (1979), pursuant to legislation that further refined the calculation of benefits to be paid "following the expiration of the first six-year period." 1979 Utah Laws ch. 138, § 3.[6]

This legislative history reveals that the phrase "receiving the benefits" under section 35–1–70 was intended to refer to the beneficiary receiving benefits in his or her own right—i.e., death benefits payable to the dependent—not to the employee receiving other kinds of benefits calculated in part, and only where the maximum was not reached, with reference to dependents. Thus, section 35–1–70 simply does not apply to the instant case.[7]

### D. Inadequate Alternative

Finally, even if we were to assume that section 35–1–70 somehow applies in this case, it does not save the statute of repose because it does not provide an effective and reasonable alternative remedy. The extension of benefits permitted under section 35–1–70 is wholly discretionary. This discretionary extension of benefits is not a remedy that is constitutionally equivalent to the *right* to receive death benefits that the statute of repose terminates before it has accrued.

### CONCLUSION

For the foregoing reasons, the Commission's decision is reversed, as it predicted,

---

**5.** We express no definitive opinion on an issue likely to surface on remand, namely, whether petitioners' claim should have been asserted against the fund rather than respondents and, if so, whether their petition may now be amended to join the fund. We note, however, that section 35–1–68(2)(b)(ii) appears only to contemplate a *continuation* of death benefits by the fund in situations where the employer's responsibility has first been determined within the six-year period and does not appear to hold open the avenue of proceeding directly against the fund in situations, like this one, where death occurs outside the six-year period.

**6.** The former Utah Code Ann. § 35–1–68(2)(b)(ii) (1979) is now codified as § 35–1–68(2)(a)(ii) (Supp.1992). We note that none of the several amendments to this section have any

bearing on our analysis. Our analysis and conclusion apply to all of the permutations of section 35–1–68.

**7.** Admittedly, under the present statutory scheme in which the extension of benefits beyond the six-year period is no longer discretionary with the Commission so long as death benefit recipients remain dependent, section 35–1–70 would rarely, if ever, be applied. It appears the section escaped repeal, as no longer necessary, by virtue of its separate section status. As a glance at the annotation notes will show, the Legislature has repeatedly tinkered with section 35–1–68, unmindful that, from 1973 on, those changes rendered section 35–1–70, to which no particular legislative attention seems to have been paid for over seven decades, quite unnecessary.

and the case is remanded for such proceedings as may now be appropriate.

BENCH and BILLINGS, JJ., concur.