**Earl N. AVIS, Petitioner,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION; and Salt Lake City Corporation, Respondents.**

**No. 910574–CA.**

Court of Appeals of Utah.

Aug. 31, 1992.

Rehearing Denied Oct. 6, 1992.

---

Brian D. Kelm (argued), Salt Lake City, for petitioner.

Ray G. Montgomery, Asst. City Atty. (argued), Salt Lake City, for respondent Salt Lake City Corp.

Before GREENWOOD, JACKSON and RUSSON, JJ.

## OPINION

GREENWOOD, Judge:

Petitioner, Earl N. Avis, appeals from an Industrial Commission (Commission) order dismissing his claim for compensation on the basis that it was filed after the applicable three year statute of limitations had expired. We affirm the Commission's order.

## BACKGROUND

Because the Commission dismissed petitioner's claim without a full hearing on the facts, "we presume, to the extent necessary to resolve the issues on appeal, that the facts are as stated by petitioner." *Velarde v. Board of Review*, 831 P.2d 123, 124 n. 2 (Utah App.1992).

Petitioner was employed as a police officer for Salt Lake City (the City) when he was injured on the job, July 4, 1968. The left rear wheel of his three wheel motorcycle hit a large chuck hole, jarring his back. Petitioner promptly reported the accident and was examined by a doctor whom the city designated. He was treated for recurring back pain from 1968 to 1982. After consulting a different physician, petitioner underwent back surgery in February of 1986. The City authorized payment for all medical expenses connected with the injury. In 1988, petitioner's treating physician rated him for permanent partial impairment due to his back.[1]

Petitioner filed a claim with the Commission on December 4, 1990, seeking a permanent, partial disability award. The administrative law judge (ALJ) ruled that the statute of limitations in Utah Code Annotated section 35–1–99 (1974) barred petitioner's claim. Following a motion for review, the Commission affirmed the ALJ's ruling. This appeal followed.

## ISSUES

Petitioner argues on appeal that Utah Code Annotated section 35–1–99 (1974) violates the Utah Constitution's open courts

---

1. In 1990, the City obtained a rating for petitioner, attributing half the permanent partial disability to pre-existing conditions and half to the July 4, 1968 industrial injury.

provision and deprives him of equal protection as guaranteed in the Utah Constitution. Section 35–1–99 provides that "[i]f no claim for compensation is filed with the industrial commission within three years from the date of the accident ... the right to compensation shall be wholly barred."[2]

## STANDARD OF REVIEW

The Utah Administrative Procedures Act allows this court to grant relief where the Commission "has erroneously interpreted or applied the law," Utah Code Ann. § 63–46b–16(4)(d) (1989), or where "the statute or rule on which the agency action is based, is unconstitutional on its face or as applied." Utah Code Ann. § 63–46b–16(4)(a) (1989). "[W]hen reviewing an application or interpretation of law we use a correction of error standard, giving no deference to the Commission's interpretation of the law." *Anderson v. Public Service Comm'n*, 839 P.2d 822, 824 (Utah 1992) (citing *Savage Indus. v. State Tax Comm'n*, 811 P.2d 664, 669–70 (Utah 1991)). Deference is granted to the Commission's "application of the law to particular facts only when 'there is a grant of discretion to the agency concerning the language in question, either expressly made in the statute or implied from the statutory language.'" *Stokes v. Board of Review*, 832 P.2d 56, 58 (Utah App.1992) (quoting *Morton Int'l, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 814 P.2d 581, 589 (Utah 1991)); *See also Anderson*, 839 P.2d at 824. Because the Commission is not a court of general jurisdiction, it lacked authority to address the constitutionality of the statute. *See Velarde v. Board of Review*, 831 P.2d 123, 125 n. 5 (Utah App. 1992). We therefore address the issue of the statute's facial validity for the first time on appeal as a question of law. Further, there is no explicit statutory grant of discretion to the Commission to apply the statute to the facts, and counsel have not identified any implicit grant of discretion. We therefore address the application of the statute in this case using a correction of error standard of review. *Id.*

## ANALYSIS

### Open Courts Provision

Petitioner urges this court to construe the statute of limitations in Utah Code Annotated section 35–1–99 (1974) under the due process analysis provided in *Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985), and a subsequent line of cases in which statutes of repose were held to violate the open courts provision of the Utah Constitution. In *Berry* and subsequent cases, "Utah courts have interpreted the open courts provision of the Utah Constitution to proscribe statutes of repose unless the statutes have certain redeeming characteristics." *Velarde v. Board of Review*, 831 P.2d 123, 126 (Utah App.1992). Utah's open courts provision guarantees a person access to the courts "for an injury done to him in his person, property or reputation." Utah Const. Art. I, § 11. A statute of repose satisfies the open courts provision if it "provides an injured person an effective and reasonable alternative remedy 'by due course of law' for vindication of his constitutional interest." *Berry*, 717 P.2d at 680 (quoting Utah Const. Art. I, § 11). "[I]f there is no substitute or alternative remedy provided, abrogation of the remedy ... may be justified only if there is a clear social or economic evil to be eliminated...." *Id.*

Petitioner claims his case is analogous to *Wrolstad v. Industrial Comm'n*, 786 P.2d 243 (Utah App.1990), in which this court

---

2. Utah Code Ann. § 35–1–99 (1974) was amended in 1988 to extend the time for filing a claim to six years. The statute was amended again in 1990 and recodified in section 35–1–98(2) (1991). This particular provision was left essentially the same and now reads in pertinent part:

A claim for compensation for temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, or permanent total disability benefits is wholly barred, unless an application for hearing is filed with the commission within six years after the date of the accident.

Petitioner requests that the current six-year limitations period also be declared unconstitutional. However, our ruling on the earlier statute's constitutionality renders this point moot.

held that a statute of repose in the Utah Occupational Disease Disability Act violated the open courts provision. In *Wrolstad* this court determined that a statute which operated to preclude a worker from filing an occupational disease claim before the worker was aware of the disease because of an absence of symptoms for many years, and which failed to provide an alternative for compensation, violated the open courts provision. Petitioner in the present case argues that receiving a permanent, partial disability rating twenty years after a job related injury is equivalent to a worker being exposed to asbestos, and then having a diagnosis of asbestosis occur many years later. Petitioner contends that, just as the worker exposed to asbestos cannot file an occupational disease claim for a disease of which he is unaware, he could not have filed his claim for disability benefits until he received a disability rating. Additionally, petitioner argues that there is no reasonable alternative remedy available to him under the workers' compensation statute because a claim for benefits from the City is his exclusive remedy.

Every case petitioner cites in support of his open courts argument addresses statutes of repose. He has cited no cases in which a statute of limitations was held to violate the open courts provision. He argues, however, that there is no meaningful difference between statutes of repose and statutes of limitation and that we therefore should apply *Berry* and its progeny to section 35-1-99. We do not agree that the two types of statutes are essentially identical.

■ "A statute of repose ... prevents suit a statutorily specified number of years after a particular event occurs, without regard to when the cause of action accrues." *Velarde*, 831 P.2d at 125 (citation omitted). "A statute of limitations precludes suit a statutorily specified number of years after a cause of action accrues." *Id.* "[S]tatutes of limitations 'are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disap-

peared.'" *Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981) (quoting *Order of R.R. Tels. v. Railway Express Agency, Inc.,* 321 U.S. 342, 348-49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). Section 35-1-99 is a statute of limitations because it runs from the date of injury, when the cause of action accrues, not from a point in time unrelated to when the cause of action arose. As a result, the *Berry* line of cases is not directly applicable, but we consider their general constitutional analysis under the open courts provision. We also examine cases involving statutes of limitations.

■ State legislatures possess the discretion to enact statutes of limitations, and these statutes are presumptively constitutional. *See McHenry v. Utah Valley Hosp.,* 724 F.Supp. 835, 837 (D.Utah 1989). "[A] statute of limitations is constitutionally sound if it should allow a reasonable, not unlimited, time in which to bring suit." *Id.* "'[W]hat shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice.'" *Id.* (quoting *Wilson v. Iseminger,* 185 U.S. 55, 63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902)). Courts have recognized exceptions to alleviate the harsh effects of statutes of limitations, but the exceptions involve cases where "plaintiff[s] had no way of knowing the injury had occurred until after the statute had run and therefore no way of affixing or exploring potential liability within the statutory period." *McHenry,* 724 F.Supp. at 839.

In the context of civil tort claims, "[a] cause of action for personal injury generally accrues when the accident occurs." *Jackson v. Layton City,* 743 P.2d 1196, 1199 (Utah 1987) (Howe, J., concurring); *see also, Gardner v. Industrial Comm'n,* 517 P.2d 1329, 1330 (Utah 1973) (applicant did not file compensation claim within either three years from date of accident or date of last compensation, therefore claim was wholly barred under section 35-1-99). Additionally, "mere ignorance of the exis-

tence of a cause of action does not prevent the running of the statute of limitations." *Myers*, 635 P.2d at 86.

■ Petitioner knew of his injury on July 4, 1968. He received medical treatment for his injury and was aware of recurring back pain over a period of several years. Therefore, even though petitioner did not seek a disability rating or file a compensation claim until twenty-two years after his accident, he knew of the injury and could have filed for compensation within the statutory period. Petitioner seeks a rule which would postpone running of the statute until he "discovered" the full extent of his injury. The workers' compensation statute, however, does not require stabilization before filing for benefits. Petitioner's argument that he had no alternative remedy because the Workers' Compensation Act is his exclusive remedy, also fails because under either the Act or a civil tort action, he would be subject to a statute of limitations. His alternative remedy was to timely file.

We conclude that the statute of limitations found in Utah Code Annotated section 35–1–99 does not, on its face, manifest a denial of justice that would require us to overcome the statute's presumption of constitutionality. It provides a reasonable time to file a claim, dating from the date of injury. *See McHenry*, 724 F.Supp. at 837 (upholding the constitutionality of Utah's four-year statute of limitations for civil actions). We further conclude that the statute as applied to petitioner does not violate the open courts provision of the Utah Constitution because he knew of his injury within the limitations period.

### Equal Protection

■ Petitioner also asks this court to invalidate section 35–1–99 on equal protection grounds. He argues that restricting injured workers from bringing claims for permanent, partial disability after the statute of limitations has run, unlawfully discriminates against those who have not been rated within that time frame. This argument is not persuasive.

The equal protection provision of article I, section 24 of the Utah Constitution states: "All laws of a general nature shall have uniform operation." The supreme court's most recent formulation of the equal protection test is as follows: " '[The] test to be applied under article I, section 24 is whether the classification of those subject to the legislation is a reasonable one and bears a reasonable relationship to an achievement of the legitimate legislative purpose.' " *Condemarin v. University Hosp.*, 775 P.2d 348, 356 (Utah 1989) (quoting *Mountain Fuel Supply Co. v. Salt Lake City Corp.*, 752 P.2d 884, 890 (Utah 1988)).

The statute of limitations in section 35–1–99 classifies injured workers in a reasonable manner in that all injured workers are subject to the same limitations period within which to file a claim for compensation. An injured worker's disability rating is a component that is separate and distinct from the actual compensation claim, and the worker's responsibility is to timely file within the statutory period with or without a disability rating in hand. We also conclude that limiting the compensation claim period for workers bears a reasonable relationship to the achievement of a legitimate legislative purpose. Limiting compensation claims to a three-year period from the date of the accident protects employers and the State of Utah Second Injury Fund from having to defend stale claims—a legitimate legislative purpose.

### CONCLUSION

We conclude that the statute of limitations in Utah Code Annotated section 35–1–99 (1974) does not violate the open courts provision of the Utah Constitution, and additionally conclude that there is no equal protection violation inherent in its application. The Industrial Commission's ruling is affirmed.

RUSSON and JACKSON, JJ., concur.