**Paul J. MIDDLESTADT, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF UTAH; Mountain Fuel Supply; Continental Casualty; Comtrol, Inc.; Workers Compensation Fund of Utah; and Employers' Reinsurance Fund, Respondents.**

No. 920237–CA.

Court of Appeals of Utah.

April 7, 1993.

Hans M. Scheffler (argued), Jensen, Duffin, Carman, Dibb & Jackson, Salt Lake City, for petitioner.

Theodore E. Kanell (argued), and Daniel L. Steele, Hanson, Epperson & Smith, Salt Lake City, for Mountain Fuel Supply and Continental Cas.

Richard Sumsion, Workers Compensation Fund, and James R. Black (argued), Callis-

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Judge:

Petitioner, Paul J. Middlestadt, seeks review of the Industrial Commission's denial of his request for additional temporary total disability benefits and permanent partial disability benefits pursuant to the Workers' Compensation Act. We affirm.

## BACKGROUND

Middlestadt was injured in industrial accidents occurring in 1976 and in 1980. In 1985, he was awarded temporary total disability benefits and permanent partial disability benefits. Middlestadt subsequently underwent two operations (one in 1987 and one in 1990) that were necessitated by the industrial accidents. In 1991, Middlestadt filed for additional temporary total disability benefits and additional permanent partial disability benefits based on his condition following the operations.[1]

Middlestadt's claims were dismissed sua sponte by an administrative law judge. Middlestadt appealed to the Industrial Commission and the dismissal was affirmed.[2] The Industrial Commission held that the claims were barred under the eight year "statutes of limitation" found in Utah Code Ann. §§ 35-1-65 and -66 (1977).[3] Middlestadt petitioned this court to review the Industrial Commission's ruling.

## ANALYSIS

Middlestadt asserts that the limitations upon his ability to file a claim found in sections 35-1-65 and -66 violate the open courts provision of the Utah Constitution. See Utah Const. art. I, § 11.[4] Middlestadt relies upon Berry v. Beech Aircraft Corp., 717 P.2d 670 (Utah 1985), claiming that the statutory limitations unconstitutionally require him to file a claim before it has accrued. He asserts that his claims did not accrue until after the operations in 1987 and 1990. Consequently, the key issue in this case is whether Middlestadt's claims accrued at the time of the industrial accidents or when he had the operations.

This court recently held in Avis v. Industrial Commission, 837 P.2d 584 (Utah App.1992), cert. denied, 853 P.2d 897 (Utah 1993) (interpreting a similar statute of limitation found in section 35-1-99), that a worker's cause of action accrues when the industrial accident occurs. A statute requiring filing within a set period following the accident is therefore a statute of limitation, not a statute of repose. Id. at 587–88.

In Avis, this court expressly rejected a proposed rule that a statute of limitation not run until the petitioner "discovered"

1. The parties agree that Middlestadt's medical costs are covered by the original award. We therefore only address Middlestadt's claims for disability benefits arising from his inability to work following the operations.

2. We noted our concerns about sua sponte actions by administrative tribunals in Chevron U.S.A., Inc. v. State Tax Commission, 847 P.2d 418, 420–21 (Utah App.1993). In that case, we reversed a sua sponte ruling of the Tax Commission. The sua sponte action in Middlestadt's case, by comparison, was taken by an administrative law judge and was never challenged in subsequent proceedings before the Industrial Commission. We therefore do not reverse; nevertheless, we caution administrative tribunals generally about the pitfalls of sua sponte action.

3. These sections have since been amended. A six-year limitation period is now found in section 35-1-98 (Supp.1992)

4. Middlestadt asserts, in the alternative, that these sections violate the equal protection provision of the Utah Constitution. See Utah Const. art. I, § 24. Middlestadt does not, however, present us with any legal analysis to support the claim as required by Utah Rule of Appellate Procedure 24(a)(9) (an appellant's brief "shall contain the contentions and reasons of the appellant with respect to the issue presented, with citations to the authorities, statutes and parts of the record relied on"). "Absent a compelling reason why we should waive application of rule 24(a)(9), we do not address [appellant's] contention." First Security Bank of Utah v. Creech, —— P.2d ——, ——, 207 Utah Adv.Rep. 60, 62 (Utah 1993).

the full extent of his injury. *Id.* at 588. Middlestadt makes the same argument in this case, urging that the statutes of limitation found in sections 35–1–65 and –66 should not begin to run until he knows the full extent of his injury, i.e., until after his subsequent operations. He has not, however, shown why the analysis set forth in *Avis* regarding section 35–1–99 should not apply with equal force to sections 35–1–65 and –66. We find the *Avis* analysis applicable here.

██ Middlestadt has not presented any argument that the statutes, as applied to him, are unconstitutional. He knew of his accident within the eight-year limitation period, and his first operation occurred within the period. He did not, however, seek to amend his award until after the time periods had run. Our conclusion that his claim is time-barred is not altered by the fact that his second operation occurred after the time period had run. If Middlestadt knew that his condition was still unstable at the end of the time period, he could have filed for an increase in his permanent partial disability to allow for any future loss of earnings under section 35–1–66. If he did not anticipate future disability, then he is no worse off than he would have been in a civil suit where he would have been required, but unable, to prove his future damages.

In keeping with the holding and analysis of *Avis*, we hold that the time provisions found in sections 35–1–65 and –66 of the Workers' Compensation Act do not, on their face or as applied to Middlestadt, violate the open courts provision.

## CONCLUSION

Middlestadt's claims for additional benefits were time-barred. We therefore affirm the Industrial Commission's dismissal of Middlestadt's claims.

BILLINGS and ORME, JJ., concur.