Kyle STOKER, Plaintiff and Appellant,

v.

The WORKERS' COMPENSATION FUND OF UTAH and the Industrial Commission for the State of Utah, Defendants and Appellees.

No. 920386.

Supreme Court of Utah.

Dec. 2, 1994.

Rehearing Denied Feb. 8, 1995.

Martin W. Custen, James R. Hasenyager, Patrick F. Holden, Ogden, for plaintiff.

Dennis V. Lloyd, James R. Black, Salt Lake City, for defendants.

STEWART, Associate Chief Justice:

Kyle Stoker filed a complaint in the district court seeking a ruling that Utah Code Ann. § 35–1–65(1) of the Workers' Compensation Act ("Act") is unconstitutional under Article I, Section 11 of the Utah Constitution insofar as it provides that no temporary total disability benefits may be paid after eight years from the time of an injury-causing accident. The district court held the provision constitutional, and Stoker appeals.

Stoker injured his lower back on October 13, 1982, and again on November 15, 1982, while working for a construction company as a laborer. His back condition deteriorated, and surgery was performed on January 13, 1987. The Industrial Commission awarded Stoker temporary total disability benefits in the amount of $4,788.76 for an approximately 22-week period from December 24, 1986, through May 24, 1987. The Commission also awarded Stoker partial disability benefits in the amount of $6,627.85, medical expenses, and attorney fees.

After his surgery, Stoker's back condition continued to deteriorate. In May 1990, less than eight years from the date of his injury, Stoker's treating physician advised the Workers' Compensation Fund ("Fund") that because of chronic unrelenting pain, Stoker should be evaluated for spinal fusion surgery. However, Stoker and his doctor decided first to try the more conservative treatment provided by a pain clinic program to try to avoid surgery. The Fund authorized and paid for that therapy, but it was unsuccessful. In January 1991, Stoker underwent a spinal fusion.

Stoker applied for additional temporary total disability benefits for the period relating to the second surgery. The Commission denied the application based on the eight-year time limitation on temporary total disability benefits in Utah Code Ann. § 35–1–65(1). In pertinent part, that section states: "In no case shall such [temporary total disability] compensation benefits exceed 312 weeks at the rate of 100% of the state average weekly wage at the time of the injury *over a period of eight years from the date of the injury.*" (Emphasis added.) Under this provision, temporary total disability benefits are subject to three limitations: (1) they are payable only for a maximum of 312 weeks, (2) at a rate of 100% of the state average weekly wage, and (3) the benefits must be paid within eight years of the date of the injury, even if they have been paid to an injured worker for less than 312 weeks when the eight-year period expires.

Stoker argues that the eight-year period violates the Due Process and Open Courts provisions in Article 1, Sections 7 and 11, respectively, of the Utah Constitution because the limitation is an unconstitutional statute of repose under *Berry v. Beech Aircraft Corp.,* 717 P.2d 670 (Utah 1985), and

*Wrolstad v. Industrial Commission,* 786 P.2d 243 (Utah Ct.App.), *cert. denied,* 795 P.2d 1138 (Utah 1990), or an unconstitutional cap on damages under the ruling in *Condemarin v. University Hospital,* 775 P.2d 348 (Utah 1989).

The Fund argues that the eight-year provision is neither a statute of limitations nor a statute of repose because it does not totally bar compensation. Rather, the Fund argues, the provision limits only the total amount of temporary total disability benefits and the time within which an injured worker can receive such benefits, whether the benefits claimed are the total allowable or less than the total allowable. The Fund also states that such benefits are part of an array of remedies provided by the Act, some of which can continue indefinitely. *See Kennecott Copper Corp. v. Industrial Comm'n,* 597 P.2d 875, 877 (Utah 1979); *see also* Utah Code Ann. § 35–1–99(2) (1988).

▮ Because Stoker failed to present to the trial court his due process claim and the claim that the limitations in § 35–1–65(1) constitute an unconstitutional cap on damages, we decline to address those claims. We therefore address only the claim that § 35–1–65(1) is an unconstitutional statute of repose.

▮ The Workers' Compensation Act is a comprehensive statutory scheme that provides remedies for injuries to workers occurring in the course of their employment, irrespective of fault, in lieu of common law tort actions. The Act provides temporary total disability benefits, § 35–1–65; temporary partial disability benefits, § 35–1–65.1; permanent partial and permanent total disability benefits, § 35–1–81; and medical expenses for injured employees, § 35–1–81, as well as certain other benefits. These remedies, whether viewed individually or together, are not analogous to an ordinary lump-sum judgment that the common law provides for personal injury actions. Not only may benefits be paid over a period of time rather than in a lump-sum judgment, but an award of benefits does not generally have the res judicata effect of a judgment.

▮ While it is not clear why the Legislature imposed both a 312–week limitation and an eight-year limitation on temporary total disability benefits, we presume that those provisions are constitutional. *Lee v. Gaufin,* 867 P.2d 572, 580 (Utah 1993); *Bennion v. ANR Prod. Co.,* 819 P.2d 343, 345 (Utah 1991); *Greenwood v. City of N. Salt Lake,* 817 P.2d 816, 819 (Utah 1991). They clearly are not facially unconstitutional under *Berry* and its progeny. It is the burden of one attacking the constitutionality of a statutory provision to demonstrate that the provision is unconstitutional.

▮ Whether a statute that bars or terminates a claim for relief is a statute of limitations or a statute of repose depends on the nature of the statute and the manner in which it operates to cut off the legal right of a person to obtain a remedy for an injury. *Gaufin,* 867 P.2d at 575–76; *see also Berry,* 717 P.2d at 672; *Dansie v. Anderson Lumber Co.,* 878 P.2d 1155, 1158–59 (Utah Ct. App.1994); *Hales v. Industrial Comm'n,* 854 P.2d 537, 539 (Utah Ct.App.1993). Although § 35–1–65 might act to cut off a claim a worker may have for temporary total disability benefits and possibly raise a constitutional issue under *Berry,*[1] that is not the case here.

▮ In this case, § 35–1–65 did not operate as a statute of repose. The eight-year bar did not preclude Stoker from asserting a claim for temporary total disability benefits. In fact, he did assert a claim. He received such benefits from December 24, 1986, through May 24, 1987. He could even have received a second award of such benefits for temporary total disability resulting from surgery for a condition causally connected to his industrial accident if he had known of the necessity for additional medical treatment and had undergone the surgery prior to the expiration of the eight-year period.

Stoker must have known that a spinal fusion would result in a period of temporary

---

1. *See also Hales v. Industrial Comm'n,* 854 P.2d 537 (Utah Ct.App.1993); *Wrolstad v. Industrial Comm'n,* 786 P.2d 243 (Utah Ct.App.1990).

total disability. He lost the right to file a second time for temporary total disability benefits as a result of his choice of the type of treatment he wanted to undertake within the limited time left under the statute. The eight-year limitation barred his remedy because of the choice he made. That kind of bar does not operate as a statute of repose under *Berry* and its progeny. *See Gaufin*, 867 P.2d at 576.

Nevertheless, Stoker may still have a remedy under the Act. It would be ironic for the Act to be construed in such a fashion that a worker who undertakes a conservative course of therapy within the time allowed by the statute, which if effective would save the Fund money and be less risky to the worker, would be denied benefits when that course proves ineffective and a more aggressive therapy must then be pursued, resulting in temporary total disability that occurs outside the eight-year period. Had the more aggressive therapy been undertaken at the time of the less aggressive therapy, Stoker would have met the requirements for additional total disability benefits.

The Industrial Commission and the Fund both seem to recognize as much in their brief. They state:

> For the purposes of WCF''s Brief and for that purpose only WCF concedes the plaintiff experienced a period of temporary total disability related to his industrial accident of October 13, 1982, while employed by Big D Construction Company more than eight years after his industrial accident. Plaintiff should be put to his burden of proof before the Industrial Commission of Utah to prove that any continuing problem is reasonably related to his industrial accident.

The brief then states, "The Commission has continuing jurisdiction to modify its prior award herein pursuant to Section 35–1–78 U.C.A."[2] Section 35–1–78(3)(b) provides, however, that "[t]he commission has no power to change the [applicable] statutes of limitations." In short, Stoker may ask the Commission to reopen and modify its prior award

if Stoker can overcome the substantial issues of causation that exist.

Affirmed.

HOWE and DURHAM, JJ., and ORME, Court of Appeals Judge, concur.

ZIMMERMAN, C.J., concurs in the result.

ORME, Court of Appeals Judge, sat to fill the vacancy on the Court.

---

**2.** Utah Code Ann. § 35–1–78(1) provides in part: "The powers and jurisdiction of the commission over each case shall be continuing. The commission, after notice and hearing, may from time to time modify or change its prior findings and orders."