*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 87**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STEVEN G. PETERSEN,
*Petitioner,*

*v.*

UTAH LABOR COMMISSION and GRANITE SCHOOL DISTRICT,
*Respondents.*

No. 20150203
Filed December 1, 2017

Petition for Review of an Agency Decision

Attorneys:

Halston T. Davis, Jared L. Mortenson, Salt Lake City, for petitioner

Jaceson R. Maughan, Salt Lake City, for respondent
Utah Labor Commission

Bret A. Gardner, Kristy L. Bertelsen, Salt Lake City, for respondent
Granite School District

Troy L. Booher, Beth E. Kennedy, Salt Lake City, for amicus Utah
State Board of Regents

Stanford E. Purser, Salt Lake City, for amicus State of Utah

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
JUSTICE DURHAM[*] and JUSTICE HIMONAS joined.

ASSOCIATE CHIEF JUSTICE LEE filed an opinion
concurring in the result.

JUSTICE PEARCE filed an opinion concurring in the result.

---

[*] Justice Durham sat on this case and voted prior to her retirement
on November 15, 2017.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶ 1   This case presents the question of whether Utah Code section 35-1-65 (1982) operates as an unconstitutional statute of repose under the Open Courts Clause of the Utah Constitution. The statute provides that an injured worker who is temporarily totally disabled "shall receive" a specified amount of compensation per week, but that "[i]n no case shall compensation benefits exceed 312 weeks . . . over a period of eight years from the date of the injury."[1] In November 1982, Steven Petersen suffered a back injury when, while working for the Granite School District (Granite), a 500-pound cast iron boiler door fell onto him. In proceedings before the Utah Labor Commission (Commission), an impartial medical panel concluded that Mr. Petersen's 1982 injury was the medical cause of a subsequent surgery in 2014. An administrative law judge (ALJ), with the Commission, denied Mr. Petersen's request for temporary total disability compensation following the 2014 surgery on the ground that more than eight years had elapsed since the date of the injury. Mr. Petersen appealed this decision to the appeals board of the Commission (Appeals Board), which affirmed.

¶ 2   Mr. Petersen filed a petition for review with this court. He argues that the statute cuts off his right to temporary total disability compensation before it accrued, thus operating as an unconstitutional statute of repose in violation of the Open Courts Clause of the Utah Constitution. We hold that section 35-1-65 does not abrogate any previously existing remedy and so is not subject to an Open Courts Clause challenge. We disagree with Mr. Petersen's contention that his common law tort cause of action was abrogated with no adequate substitute remedy and hold that the Workers' Compensation Act as a whole is an adequate substitute. We therefore affirm the Commission's decision.

**Background**

¶ 3   On November 10, 1982, Mr. Petersen injured his back while working for Granite. Mr. Petersen underwent back surgery in

---

[1] UTAH CODE § 35-1-65 (1982). This court applies the law as it existed at the time of the injury. *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997). Accordingly, the 1982 version of the Workers' Compensation Act governs this case, and all subsequent references are to that version unless otherwise noted.

December 1983. Granite paid the medical costs of this surgery, as well as temporary total disability compensation following this surgery.

¶ 4 Mr. Petersen returned to work, and in July 1987, experienced a second work accident. He underwent a second back surgery in March 1988 and a third back surgery in December 1989. Granite paid for medical costs and temporary total disability compensation following both surgeries. In January 2004, more than twenty years after the date of the original accident, Mr. Petersen underwent a fourth back surgery. He was off work for seven months, and Granite paid for both the medical costs of surgery and temporary total disability compensation for this period.

¶ 5 In June 2011, while still working for Granite, Mr. Petersen slipped and fell into a trench, landing with his back on an exposed rock. He was off work for two weeks and then returned to his regular work duties. In March 2014, Mr. Petersen underwent a fifth surgery, but this time Granite refused to pay temporary total disability compensation. Mr. Petersen then sought a hearing before the Commission, seeking temporary total disability compensation for work missed following the 2014 surgery.

¶ 6 The ALJ referred the case to a medical panel, which concluded that Mr. Petersen's 1982 accident, and not his 2011 accident, medically necessitated the 2014 surgery.[2] The ALJ denied Mr. Petersen's request for temporary total disability compensation on the grounds that the eight-year period specified by Utah Code section 35-1-65 is a statute of limitation that expired on November 10, 1990, eight years from the date of the initial workplace accident.

¶ 7 Mr. Petersen appealed the ALJ's decision to the Appeals Board. The Appeals Board disagreed with the ALJ, concluding that section 35-1-65 is a statute of repose that may be unconstitutional under the Open Courts Clause of the Utah Constitution. But because the Appeals Board concluded that it lacked authority to adjudicate the constitutionality of the statute, it affirmed the ALJ's order denying temporary total disability compensation. Mr. Petersen then filed a petition for review, which was certified to this court. His sole

_____

[2] The ALJ and the Appeals Board agreed with the medical panel that the 1982 events, and not the 2011 events, were the medical cause of the 2014 surgery. Mr. Petersen has not challenged this finding on appeal.

contention before this court is that section 35-1-65 operated as an unconstitutional statute of repose under the Open Courts Clause.

## Standard of Review

¶ 8   This court "has jurisdiction to review all final agency action resulting from formal adjudicative proceedings"[3] and is empowered to "grant relief" where "a person seeking judicial review has been substantially prejudiced" because "the agency action, or the statute or rule on which the agency action is based, is unconstitutional on its face or as applied"[4] or "the agency has erroneously interpreted or applied the law."[5] "A person is 'substantially prejudiced' when the agency's erroneous interpretation or application is not harmless. We review that agency's interpretation or application of the law for correctness."[6]

## Analysis

¶ 9   There are two issues on appeal: first, whether Utah Code section 35-1-65, the temporary total disability statute, is a statute of limitation or a statute of repose. If it is a statute of limitation, our analysis ends.[7] If it is a statute of repose, we must address whether it survives scrutiny under our Open Courts Clause jurisprudence.

¶ 10 We conclude that section 35-1-65 is not a statute of limitation, but that, in any event, it does not operate to abrogate a

---

[3] UTAH CODE § 63G-4-403(1).

[4] *Id.* § 63G-4-403(4)(a).

[5] *Id.* § 63G-4-403(4)(d).

[6] *Employers' Reinsurance Fund v. Labor Comm'n*, 2012 UT 76, ¶ 8, 289 P.3d 572 (citation omitted).

[7] Mr. Petersen has not argued that the statute, if one of limitation, would be unconstitutional. If he had, such a challenge would rest on an uncertain legal foundation. The constitutionality of a statute of limitation under the Open Courts Clause has not been addressed by this court, because such a challenge does not pass even the first step of the Open Courts Clause analysis—the legislature has not "abrogated" a cause of action by specifying a reasonable period of time after accrual during which the cause of action must be asserted. *See Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985) ("To be constitutional, a statute of limitations must allow a reasonable time for the filing of an action after a cause of action arises.").

*previously existing* remedy and so is not subject to challenge under the Open Courts Clause. Moreover, we conclude that the only plausible challenge Mr. Petersen could raise is that section 35-1-65 is an inadequate substitute remedy for the loss of an injured employee's common law tort claim. We hold, however, that such a challenge must fail because the Utah Workers' Compensation Act (WCA) as a whole is an adequate substitute remedy for the loss of such a tort claim.

## I. Utah Code Section 35-1-65 Is Not a Statute of Limitation and Does Not Abrogate a Previously Existing Remedy

¶ 11 The first issue we must decide is whether Utah Code section 35-1-65 is a statute of limitation or repose. After examining how section 35-1-65 operates within the WCA context, we conclude that it is not a statute of limitation. We next assess whether the statute is one of repose that abrogates a remedy in a manner implicating the Open Courts Clause of the Utah Constitution. Because it does not operate to abrogate a previously existing remedy, we hold that section 35-1-65 does not implicate our open courts jurisprudence.

### A. Section 35-1-65 Is Not a Statute of Limitation Because It Does Not Specify a Time Period Following the Accrual of a Cause of Action During Which a Claim Must Be Brought

¶ 12 As noted above, we must determine whether section 35-1-65 is a statute of limitation or repose. "A statute of limitations requires a lawsuit to be filed within a specified period of time after" a cause of action accrues. [8] In contrast, a statute of repose "bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action."[9] Thus, to assess whether section 35-1-65 is a statute of limitation or repose, we must determine what event—whether the accrual of a cause of action or some other event—starts the clock on the statutory time period.

¶ 13 "[A] cause of action accrues upon the happening of the last event necessary to complete the cause of action."[10] The difficulty in this case, then, is determining what constitutes a "cause of action" in the Workers' Compensation context and when such a cause of action

---

[8] *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985).

[9] *Id.*

[10] *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983).

"accrues." "Workers' compensation claims are best viewed as a process, rather than as a discrete event . . . ."[11] We have recognized that WCA "remedies, whether viewed individually or together, are not analogous to an ordinary lump-sum judgment that the common law provides for personal injury actions."[12]

¶ 14 The relevant portions of section 35-1-65 provide:

> In case of temporary disability, the employee shall receive 66 2/3% of that employee's average weekly wage at the time of the injury so long as such disability is total . . . . In no case shall compensation benefits exceed 312 weeks . . . over a period of eight years from the date of the injury.

We note from the outset that while the statute runs from the "date of the injury," we have consistently interpreted this phrase to mean the date of the workplace accident.[13] The question then becomes whether the "last event necessary to complete the cause of action" is the workplace accident. If so, section 35-1-65 is a statute of limitation. If not, then the statute is not one of limitation because it runs from a date other than the happening of the last event necessary to give rise to a cause of action.

¶ 15 Granite argues that Mr. Petersen's "cause of action" for temporary total disability, unlike a claim for death benefits,[14] did not

---

[11] *Color Country Mgmt. v. Labor Comm'n*, 2001 UT App 370, ¶ 26, 38 P.3d 969, *aff'd sub nom. Thomas v. Color Country Mgmt.*, 2004 UT 12, 84 P.3d 1201.

[12] *Stoker v. Workers' Comp. Fund*, 889 P.2d 409, 411 (Utah 1994).

[13] Our court, as well as the court of appeals and the Commission, has consistently assumed that the "date of the injury" referred to in section 35-1-65 is the date of the workplace accident. *See, e.g., U.S. Smelting, Ref. & Mining Co. v. Nielsen*, 430 P.2d 162, 163 (Utah 1967) ("[W]hen an industrial accident occurs on a certain date, any disability resulting therefrom is compensable during six years after such accident occurred . . . ."). Mr. Petersen has not argued otherwise, so we assume that the "date of the injury" referred to in the statute is the date of the workplace accident.

[14] *See Hales v. Indus. Comm'n*, 854 P.2d 537, 539 (Utah Ct. App. 1993); *Velarde v. Bd. of Review of Indus. Comm'n*, 831 P.2d 123, 126–29 (Utah Ct. App. 1992).

"arise *after* the happening of some unanticipated event such as a need for surgery, or even death, but rather runs from the date of the injury as explicitly provided for by the statute."[15] In Granite's view, a WCA cause of action fully accrues on the date of the accident. Though there is some support for this argument in our caselaw,[16] we ultimately reject it, at least in the context of section 35-1-65.

¶ 16 Mr. Petersen's cause of action for temporary total disability compensation did not fully accrue when he was first injured in 1982. Instead, that right accrued at the moment he became temporarily disabled and therefore entitled to compensation. This is because the period of disability is the "last event necessary to complete the cause of action" under the statute, which provides that temporary total disability compensation "shall" be awarded "so long as" the "disability is total."[17] The words "so long as" necessarily convey that the disability could cease to be total, or that it might not be total immediately upon the happening of the accident. Because the statute requires that "disability" be "total" before compensation may be awarded, and total disability may not occur on the day of the

---

[15] Our court of appeals has accepted this view, holding that a cause of action for temporary total disability benefits fully accrues on the date of the accident. *See Middlestadt v. Indus. Comm'n*, 852 P.2d 1012, 1013 (Utah Ct. App. 1993). There, an injured employee applied for temporary total disability benefits more than eight years after his workplace accident. *Id.* The court of appeals stated that it had "held in *Avis v. Industrial Commission*, 837 P.2d 584 (Utah Ct. App. 1992) . . . that a worker's cause of action accrues when the industrial accident occurs. A statute requiring filing within a set period following the accident is therefore a statute of limitation, not a statute of repose." *Id.* The *Middlestadt* court then applied this logic to section 35-1-65, concluding it to be a statute of limitation because, in that court's view, the cause of action accrued with the happening of the accident. *Id.* at 1014.

[16] For example, we have stated that "[a] claim for compensation under the Industrial Act is only *one claim,* no matter how many hearings are had or how many distinct awards are made. It is a claim by the employee for compensation *for the injury he has sustained,* notwithstanding the compensation may be determined from time to time resulting in many distinct awards." *Vigos v. Mountainland Builders, Inc.,* 2000 UT 2, ¶ 29 n.7, 993 P.2d 207 (citation omitted).

[17] UTAH CODE § 35-1-65.

accident, the happening of the workplace accident alone is not the "last event necessary" to entitle Mr. Petersen to compensation. A statute of limitation runs from the last event necessary to complete the cause of action. But a statute of repose runs from a date other than this last event.[18] This statute runs not from the time that an injured worker enters a period of total disability, but instead from the happening of the accident. Thus, it is not a statute of limitation.

*B. Section 35-1-65 Does Not Violate the Open Courts Clause, Because It Does Not Cut Off a Previously Existing Remedy*

¶ 17 Mr. Petersen argues that section 35-1-65 is a statute of repose that abrogates his right to a remedy in violation of our Open Courts Clause. After briefly reviewing our open courts jurisprudence, we conclude that even if the statute qualifies as a statute of repose, it does not violate our constitution because it does not operate to cut off a previously existing remedy, and so Mr. Petersen's challenge to the statute fails.

¶ 18 A "statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action."[19] Based on this definition, section 35-1-65 is arguably a statute of repose: it bars all actions for temporary total disability after eight years have run from the occurrence of the workplace accident, which, as discussed above, is not the last event necessary to create a cause of action for temporary total disability.

¶ 19 But a closer review of section 35-1-65 and its history reveals that it does not operate to cut off a *previously existing* remedy. Because it does not, section 35-1-65 is not akin to those statutes we have found susceptible to Open Courts Clause challenges.[20] Section

---

[18] *See supra* ¶ 12.

[19] *Berry*, 717 P.2d at 672.

[20] *See id.* at 683 (striking down a products liability statute of repose that cut off previously existing rights to bring actions for products liability); *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.*, 782 P.2d 188, 193–94 (Utah 1989) (same, with regard to a architects and builders statute of repose); *cf. Judd v. Drezga*, 2004 UT 91, ¶ 10, 103 P.3d 135 (considering the merits of an Open Courts clause challenge to a statute that had the effect of "diminish[ing], but not eliminat[ing]" certain damages previously awardable for medical malpractice).

35-1-65 does not cut off a previously existing right to temporary total disability compensation; instead, it *creates* a right to temporary total disability compensation, albeit with a built-in time limitation. A review of our Open Courts Clause jurisprudence reveals the types of statutes that constitute statutes of repose subject to constitutional inquiry and demonstrates that section 35-1-65 is not such a statute.

¶ 20 The Open Courts Clause of the Utah Constitution provides:

> All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.[21]

This provision provides a substantive check against legislative power[22] by "impos[ing] some limitation" on the legislature's "great

---

[21] UTAH CONST. art. I, § 11.

[22] We note that we requested supplemental briefing on whether we should overrule this aspect of our precedent. We asked the parties to address the issue of whether the Open Courts Clause "provide[s] a substantive guarantee against the elimination of remedies recognized by the law in the past" or whether it is "only a procedural guarantee of access to our courts 'by due course of law' for any remedies currently recognized by our law?" In essence, this question asks whether the Open Courts Clause provides a substantive protection against the legislature prospectively changing the remedies available for injuries, or whether it merely guarantees procedural safeguards for injured persons to obtain access to the courts in order to obtain whatever legal remedies are currently provided by law. While we appreciate the parties' and amici's thoughtful arguments on this point, we do not reach this issue. Because we conclude that section 35-1-65 is constitutional even under our current interpretation of the Open Courts Clause, we do not address the issue of whether we should overrule *Berry* and its progeny and adopt a procedural interpretation of that clause. We consider this to be a matter of constitutional avoidance; we will not overturn decades of precedent in the context of a case whose factual basis does not require us to do so.

latitude in defining, changing, and modernizing the law."[23] To determine whether legislation violates the Open Courts Clause, we first look to see whether the legislature has abrogated a cause of action, or modified a cause of action by abrogating a remedy.[24] If so, the legislation is invalid unless the legislature has provided an "effective and reasonable alternative remedy,"[25] or the abrogation "is not an arbitrary or unreasonable means for" eliminating "a clear social or economic evil."[26]

¶ 21 Mr. Petersen's challenge to section 35-1-65 does not survive step one of this analysis. He argues that the statute abrogates a remedy because it bars him from obtaining temporary total disability beyond eight years from the date of his workplace accident. We disagree.

¶ 22 First, we have never accepted an interpretation of the Open Courts Clause that *affirmatively requires* the legislature to provide a remedy for every type of injury.[27] Instead, "we look to see whether the plaintiff could have brought his or her cause of action prior to" the passage of the law that currently acts as a barrier to the action.[28]

---

[23] *Berry*, 717 P.2d at 676.

[24] *Laney v. Fairview City*, 2002 UT 79, ¶ 49, 57 P.3d 1007 ("[W]e must first determine whether a cause of action has been abrogated by the legislative enactment. If no remedy was eliminated, there is no need to proceed with the *Berry* test.").

[25] *Berry*, 717 P.2d at 680.

[26] *Id.*

[27] *E.g., Craftsman Builder's Supply, Inc. v. Butler Mtg. Co.*, 1999 UT 18, ¶ 140, 974 P.2d 1194 (Zimmerman, J., concurring in result with opinion) ("I dismiss from the start any notion that [the Open Courts Clause] guarantee[s] a remedy for every injury. The law simply does not recognize that every harm suffered should be compensated. The principle *damnum absque injuria*, that there can be damage without the violation of a legal right, is too well established in our jurisprudence to give such an expansive interpretation to the obscure phrasing of the open courts provision.").

[28] *Scott v. Universal Sales, Inc.*, 2015 UT 64, ¶ 54, 356 P.3d 1172; *see also Judd*, 2004 UT 91, ¶ 10 ("As part of our *Berry* jurisprudence, we have fashioned a test by which we can discern whether the legislature had sufficient reason to diminish or eliminate a *previously existing* right to recover for an injury." (emphasis added)).

This essentially amounts to a "but for" test. That is, we ask whether, but for the challenged statute, the claimant would have been able to bring a cause of action or obtain a remedy. Here, even in the absence of section 35-1-65, Mr. Petersen would not be entitled to temporary total disability compensation over thirty years from the date of his workplace accident.

¶ 23 The heart of the problem is that Mr. Petersen would not have been able to bring a cause of action to receive temporary total disability benefits more than eight years[29] after his workplace accident before the passage of the 1917 WCA. In fact, before 1917, he would have not been able to seek temporary total disability compensation at all. Therefore, to say that the legislature has abrogated Mr. Petersen's remedy because he is not eligible for temporary total disability compensation after eight years from the accident is erroneous. Because Mr. Petersen is challenging a portion of the WCA that created a new right in its original enactment in 1917, he cannot show that any previously existing right or remedy has been abrogated.[30]

---

[29] Mr. Petersen actually has two more years than he would have had under the 1917 version of the statute, which provided for temporary total disability compensation for six years from the date of the injury. 1917 Laws of Utah 330, ch. 100, § 76 (codified at Utah Code § 42-1-61 (1933)). Mr. Petersen has eight years under the 1982 version of the statute. The legislature has since amended the statute to extend the period of compensation eligibility to twelve years from the date of the injury. UTAH CODE § 34A-2-410 (2016).

[30] This would be a different case if the legislature had initially provided a remedy in the WCA in 1917 that it subsequently took away. Comparing the temporary total disability statute with the permanent partial disability statute helps illustrate this point. When first enacted, the permanent partial disability statute provided that an employee "shall receive, during such disability and for a period not to exceed six years . . . a weekly compensation." UTAH CODE § 42-1-62 (1933). This court interpreted the "six year" limitation to mean that a claimant was entitled to receive up to six years' worth of compensation, no matter how long had passed between the date of injury and the disability period. *See Hardy v. Indus. Comm'n*, 58 P.2d 15, 17 (1936) (holding that the "limitation . . . relates to the disability period and not the calendar period dating from the injury").

(Continued)

¶ 24 He nevertheless proceeds on the theory that the legislature has deprived him of the right to a lifetime of eligibility for temporary total disability compensation. The problem with this view is that Mr. Petersen is seeking something to which *no one* in Utah has ever been entitled. The logical extension of his argument is that he is entitled to temporary total disability compensation whenever he becomes temporarily totally disabled, presumably at any point during the remainder of his life. Neither the common law nor the Utah legislature ever provided for such a remedy. Therefore, it is inaccurate to say that section 35-1-65 abrogates a remedy.

¶ 25 We recognize that this conclusion is in apparent tension with dicta in *Stoker v. Workers' Compensation Fund of Utah*.[31] There we recognized that section 35-1-65 "might act to cut off a claim a worker may have for temporary total disability benefits and possibly raise a constitutional issue."[32] Mr. Petersen asserts that his case fits this hypothetical posed by *Stoker*.

¶ 26 First, it is unclear whether we concluded in *Stoker* that section 35-1-65 will necessarily cut off rights in some cases, or if we merely reserved the question of whether it could do so for a future case.[33] If it is the latter, today's decision is not in conflict with our conclusion in *Stoker* because we simply answer that question in the negative. To the extent we suggested the former in *Stoker*, we decline to adopt that reasoning today. Even if the statute cut off Mr. Petersen's ability to collect compensation for his most recent period of total disability before it arose, it still did not cut off a

---

The legislature amended the permanent partial disability statute in 1939, adding the words "from the date of the injury" after the six year limitation, to clarify that the six-year period was to run from the calendar date of the injury. The permanent partial disability amendment could operate to cut off a previously existing remedy, because it could cut off a right that existed after the enactment of the WCA, but before its amendment. Temporary total disability compensation, on the other hand, has featured a time limitation of "six years from the date of injury" since its original enactment in 1917, and therefore does not cut off a previously existing remedy. 1917 Laws of Utah 330, ch. 100, § 76 (codified at Utah Code § 42-1-61 (1933)).

[31] 889 P.2d at 411.

[32] *Id.*

[33] *See id.*

*previously existing* remedy. The statute simply does not create an open-ended right to temporary total disability compensation, no matter how much time has passed since the workplace accident. Because no such right ever existed, either under the common law or by statute, section 35-1-65 does not act to cut off such a right after eight years from the accident. Thus, section 35-1-65 does not abrogate a previously existing remedy and is not subject to an Open Courts Clause challenge.[34]

¶ 27 The only plausible argument Mr. Petersen could raise, though he does not articulate his argument in these terms, is that his right to recover against his employer in tort at common law was abrogated by the WCA's exclusive remedy provision,[35] and that section 35-1-65 is an inadequate substitute remedy because it does not adequately compensate for the lifetime's worth of lost wages he could have proven in a tort action. We now turn to this implied

---

[34] We also note another portion of *Stoker* that is inconsistent with our opinion in this case and with our precedent. We stated there that, although section 35-1-65 did not operate as a statute of repose against Mr. Stoker, he was nevertheless entitled, under the continuing jurisdiction statute, to go back before the Commission and ask it to modify his prior award. *Stoker*, 889 P.2d at 412. To the extent this conclusion suggests Mr. Stoker could recover temporary total disability compensation by simply asking the Commission to modify its earlier award, it is incorrect. That notion is inconsistent with our cases that have held that the temporary total disability statute is narrower than the continuing jurisdiction statute, and applies more directly to the question of whether benefits must be paid after the time period has elapsed. *See U.S. Smelting*, 430 P.2d at 164 ("[T]he Commission has continuing jurisdiction only during the period of the limitations statutes."). Thus, we have explicitly held that continuing jurisdiction does *not* permit the Commission to award temporary total disability compensation after eight years from the accident, because that would amount to subverting the statutory time limitation on when such benefits are available. To the extent we suggested otherwise in *Stoker*, we disavow that portion of the opinion, and clarify that, whether or not a proceeding was commenced in the Commission within eight years of the injury, the statute does not permit modification of an earlier award to grant what amounts to temporary total disability compensation more than eight years after the injury.

[35] UTAH CODE § 34A-2-105.

challenge to the adequacy of section 35-1-65 as a substitute remedy for workplace injuries.

## II. The Workers' Compensation Act Does Not Violate the Open Courts Clause, Because It Provides an Adequate Substitute Remedy

¶ 28 The best argument Mr. Petersen could advance is that section 35-1-65 is an inadequate substitute for the loss of his common law tort remedy.[36] We thus assess whether Utah Code section 35-1-65 and the other rights provided by the WCA constitute an adequate substitute remedy under the Open Courts Clause. Contrary to Mr. Petersen's view, in passing the 1917 WCA the legislature did not abrogate a right to temporary total disability compensation beyond eight years from workplace accident. Instead, it abrogated the right of an injured worker to bring a tort claim against his or her employer. We thus assess whether the legislature has provided an effective and reasonable alternative remedy for this abrogation. We conclude that it has.[37]

¶ 29 We have held that the Open Courts Clause "is satisfied if the law provides an injured person an effective and reasonable alternative remedy."[38] A substitute remedy passes this test when it is "substantially equal in value or other benefit to the remedy abrogated."[39] The "form of the substitute remedy may be different,"

---

[36] For example, Mr. Petersen argues that "the legislature has arbitrarily taken critical life-sustaining benefits from injured workers and their dependents . . . without their consent." We construe this argument to be an attack on the adequacy of WCA benefits as a substitute for the loss of the injured employee's tort claim. Viewed in any other light, the lack of an available remedy is merely *damnum absque injuria*, harm the law has never recognized as legal injury.

[37] The parties also dispute whether the abrogation of temporary total disability compensation after eight years from the injury is an "arbitrary or unreasonable" means to eliminate a "clear social or economic evil." Again, this argument stems from the incorrect premise that such a remedy was abrogated. Because we conclude that an adequate substitute remedy has been provided for the remedy that was actually abrogated, we do not address the "social or economic evil" prong of the analysis.

[38] *Sun Valley Water Beds of Utah, Inc. v. Herm Hughes & Son, Inc.,* 782 P.2d 188, 191 (Utah 1989) (citation omitted).

[39] *Id.* (citation omitted).

so long as it provides "essentially comparable substantive protection to one's person, property, or reputation."[40] Implicit in our articulation of this comparative task is that we must look holistically at the supplanted remedy and the supplanting remedy. We do not evaluate adequacy *ex post*, from the perspective of one who has been injured. Instead, we make this determination *ex ante*, in the shoes of a member of the public whose rights are supplanted.[41] To view an individual portion of a replacement remedial scheme in isolation would unnecessarily hamstring the legislature's ability to provide substitute remedial schemes and "moderniz[e] the law."[42] The same problem would arise were we to analyze a particular individual's recovery under each system of rights to determine the adequacy of a substitute remedy. We reject this approach. Instead, we look to the package of rights an individual enjoyed before and after the abrogation.

¶ 30 With these principles in mind, we note that we have consistently recognized that, as a global matter, the package of WCA benefits is an adequate substitute for the loss of the employee's common law tort action against his or her employer.[43] We reiterate

---

[40] *Id.* at 191–92 (citation omitted).

[41] *See Masich v. U.S. Smelting, Ref. & Mining Co.*, 191 P.2d 612, 624 (Utah 1948). ("The fact that under the act certain of the employees are denied their common law right . . . does not offend against the Constitution as certain individual rights and remedies can be made to yield to the public good.").

[42] *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 676 (Utah 1985).

[43] *See Masich*, 191 P.2d at 624. ("The constitutionality of compensation acts is too well settled to be now questioned."); *Craftsman Builder's Supply, Inc. v. Butler Mfg. Co.*, 1999 UT 18, ¶ 81, 974 P.2d 1194 ("[T]he Legislature may establish statutory remedies in the place of common law remedies, as the Legislature has done in enacting the Workers' Compensation Act . . . ."); *see also Shattuck-Owen v. Snowbird Corp.*, 2000 UT 94, ¶ 19, 16 P.3d 555 ("The workers' compensation system constitutes a quid pro quo between employers and employees. Under the Act's balancing of rights, 'employees are able to recover for job-related injuries without showing fault . . . and employers are protected from tort suits by employees' by virtue of the Act's exclusive remedy provision." (alteration in original) (citations omitted)).

that principle today, clarifying that we make this determination by assessing all of the benefits provided by the WCA.

¶ 31 To assert a common law tort claim for a workplace accident before the enactment of the WCA in 1917,[44] an injured worker would have needed to clear many hurdles. First, the worker would have needed to convince a jury by a preponderance of the evidence that his injury resulted from some degree of fault on the part of his employer, at least negligence.[45] Next, he would have been subject to having his recovery barred or reduced by his own fault[46] or assumption of risk.[47] And though he would have been entitled to whatever foreseeable lost wages he could prove,[48] proving such lost wages would necessarily be difficult where future aggravations or deteriorations are speculative.

---

[44] The supplemental briefing in this case addressed the question of whether the rights protected by the Open Courts Clause should be limited to only those rights existing at the time of the adoption of the Utah Constitution. Our cases have held to the contrary. *See, e.g.*, *Day v. State*, 1999 UT 46, ¶ 38, 980 P.2d 1171 ("The determination of whether a person who is injured in 'person, property, or reputation' has been denied a remedy by due course of law should be decided by reference to the general law of rights and remedies at the time that the Legislature abrogates a remedy."). We find it unnecessary to consider whether to overturn our precedent in this regard because, even assuming that we consider the rights and remedies as they existed at the time of abrogation in 1917, we find that an adequate substitute remedy has been provided here.

[45] *See Grandin v. S. Pac. Co.*, 85 P. 357, 360 (Utah 1906) ("The master cannot be expected, nor is he required, to anticipate and guard against every conceivable kind of accident and misfortune that might happen to the servant in the performance of the work.").

[46] *See Hone v. Mammoth Mining Co.*, 75 P. 381, 383 (Utah 1904).

[47] *See Dunn v. Or. Short Line R.R. Co.*, 80 P. 311, 312 (Utah 1905).

[48] *See Atwood v. Utah Light & Ry. Co.*, 140 P. 137, 140 (Utah 1914) ("Where the injury alleged will necessarily render a person less capable of performing his usual business duties in the future, proof of the impairment of his general earning capacity may ordinarily be given under the general allegation of the injury, and damages resulting therefrom, such as the inability to attend to his ordinary business . . . .").

¶ 32 In place of that system, the legislature has provided a scheme that removes many of those hurdles. Under the temporary total disability statute, Mr. Petersen is entitled, without showing his employer's fault or lack of his own, to obtain up to 312 weeks of wage compensation by demonstrating that he is temporarily totally disabled by an injury that occurred in the course of his employment. Moreover, beyond simply providing for temporary total disability compensation,[49] the legislature also provided a number of other

---

[49] The parties here dispute which portions of the WCA we should take into account when assessing whether the legislature has provided a substitute remedy. Mr. Petersen argues that other remedies available under the Workers' Compensation scheme, such as permanent total disability benefits, cannot be considered as a substitute for the loss of his remedy of temporary total disability beyond eight years from the accident. Granite contends that Mr. Petersen's claim for permanent total disability compensation was an adequate alternative remedy in place of his barred claim for temporary total disability compensation. Granite also contends that Mr. Petersen has an adequate alternative remedy because he has "alternative remedies . . . outside of Utah's workers['] compensation act." For example, Granite notes that short or long term disability or social security disability benefits could be available to Mr. Petersen.

Mr. Petersen correctly notes that we have held that the legislature cannot simply rely on existing remedies to fill a void left by the abrogation of a remedy. *See Sun Valley Water Beds*, 782 P.2d at 192 ("[W]hen the legislature removes a particular right or remedy, it cannot simply rely on other preexisting rights or remedies to fill the void left behind, but must rather provide a *quid pro quo* in the form of [ ] a substitute remedy for the individual . . . ."). But that is not what happened here. Rather, the legislature provided a suite of benefits, all at once, to replace the loss of an injured employee's common law tort action. Our cases have never held that we must view each piece of a substitute remedy statutory scheme in isolation. Rather, the better view is to consider the adequacy of the package of rights that was substituted for the package of rights that was taken away. We therefore consider all four forms of disability compensation, along with medical cost coverage for the life of the employee, when assessing whether the legislature has given an adequate substitute for its abrogation of an employee's common law tort remedy. Mr. Petersen is correct, however, that other potential independent avenues of recovery, such as social security, that were not given as a *quid pro quo* for the loss of tort rights cannot be considered in this

(Continued)

benefits in place of an injured employee's abrogated common law tort action, including medical cost coverage for life,[50] as well as compensation for temporary partial disability,[51] permanent partial disability,[52] and permanent total disability.[53]

¶ 33 Having outlined an employee's rights under these two regimes, our task is to assess whether the WCA benefits are "substantially equal in value or other benefit" to a common law tort action. In some ways, the two systems might seem to be apples and oranges. One system of rights contains no time limitation on the years of recoverable lost wages, so long as they are provable at the time of trial, but is subject to jury and evidentiary uncertainties. The other features time-limited remedies, but is not subject to the evidentiary and other demands of a common law negligence cause of action. Some injured workers will no doubt have strong proof of their employer's fault and damages, and thus will likely lose out on a significant tort judgment by virtue of the WCA. On the other hand, many injured workers who can obtain no evidence of their employers' fault, or who face substantial evidence of their own fault, will in some sense have gained a windfall under the WCA.

¶ 34 We recognize that a given employee's recovery under the workers' compensation scheme might amount to more or less than the employee would have recovered under the common law tort system in place before the passage of the WCA. But under our precedent, we do not analyze the facts of a particular individual's case to determine the adequacy of a substitute remedy. Instead, we look to the package of rights the individual enjoyed before and after the abrogation, and we assess whether the substituted package "provid[es] essentially comparable substantive protection to one's

---

analysis. *See id.* We agree and do not consider these alternative claims in our assessment of the adequacy of the substitute remedy in this case.

[50] UTAH CODE § 35-1-81 (1982).

[51] *Id.* § 35-1-65.1 (1982).

[52] *Id.* § 35-1-85 (1982).

[53] *Id.*

person property, or reputation"[54] as existed under the previous legal regime.

¶ 35 We conclude that "although the form of the substitute remedy [is] different," the workers' compensation scheme nevertheless "provid[es] essentially comparable substantive protection to one's person, property, or reputation" for injuries arising from workplace accidents as existed under the common law.[55] Although the legislature abrogated Mr. Petersen's common law tort rights regarding workplace accidents, it has given an adequate alternative remedy in the form of a no-fault, time-limited package of Workers' Compensation benefits.

**Conclusion**

¶ 36 While Utah Code section 35-1-65 is not a statute of limitation, it nevertheless is valid under the Open Courts Clause because it does not abrogate a previously existing legal remedy.[56] Mr. Petersen's challenge to the abrogation of his common law tort claim against his employer fails because the legislature has provided an adequate substitute remedy in the form of a suite of workers' compensation benefits, including section 35-1-65. We therefore find no violation of the Open Courts Clause and affirm the Appeals Board's decision denying Mr. Petersen temporary total disability compensation.

––––––––––––

ASSOCIATE CHIEF JUSTICE LEE, concurring in the judgment:

¶ 37 I concur in the judgment in this case on the basis of my opinion in *Waite v. Utah Labor Commission*, 2017 UT 86, __ P.3d __ (Lee, A.C.J., concurring in the judgment). As in *Waite* the petitioner in this case asserts an Open Courts Clause challenge to the

––––––––––––––––––––––––––––––––––––––––

[54] *Sun Valley Water Beds*, 782 P.2d at 191–92.

[55] *Id.*

[56] Justice Lee "would affirm on the ground that the Open Courts Clause does not limit the legislature's authority to prospectively alter the law giving rise to a legal right of action," based on his arguments set forth in his concurrence in *Waite v. Labor Commission*, 2017 UT 86, __ P.3d __. *Infra* ¶ 37. We here incorporate the same arguments that we made in *Waite* in response to Justice Lee. *See Waite*, 2017 UT 86, ¶¶ 31–34.

legislature's enactment of a statute of repose that effectively cut of the availability of a cause of action previously available under the Workers' Compensation Act. For reasons stated in my opinion in *Waite* I would affirm on the ground that the Open Courts Clause does not limit the legislature's authority to prospectively alter the law giving rise to a legal right of action.

––––––––––––

JUSTICE PEARCE, concurring:

¶ 38 I concur and write separately for the same reasons outlined in my concurring opinion in *Waite v. Utah Labor Commission*, 2017 UT 86, __ P.3d __ (Pearce, J., concurring).

––––––––––––